Aɴɴ MᴄDᴏɴᴀʟᴅ, Appellant, *v.* Bʀʏᴀɴ O'Hᴀʀᴀ, as Executor, etc., Impleaded, etc., Respondent.

While, where a will contains an imperative direction to the executors to sell the real estate and divide the proceeds, the persons who are exclusively entitled to the fund arising from the sale may, if they so elect prior to a sale, take the real estate in its unconverted form, there must be a concurrence of all the beneficiaries in the election in order to take the real estate out of the operation of the power of sale.

The will of J. directed his executors to sell his residuary estate, divide the same into seven equal parts and pay one part to each of the testator's six sisters and the other to the children of a deceased brother. The testator died seized of certain real estate which the sole surviving executor advertised for sale. In an action brought by one of the sisters to restrain the sale, it appeared that all of the beneficiaries, except one of the sisters and one of the children of the deceased brother, who was a minor, joined with plaintiff in the request not to sell, and that an injunction restraining the sale issue. *Held*, that the direction to sell contained in the will was imperative and operated to convert the realty into personalty; that, assuming the request amounted to an election to take the land as such, the election was incomplete because not made by all of the beneficiaries; and so, that an application to continue a temporary injunction was properly denied.

(Submitted January 28, 1895; decided February 5, 1895.)

Aᴘᴘᴇᴀʟ from order of the General Term of the Superior Court of the city of New York, made October 15, 1894,

which affirmed an order of Special Term, which denied a motion by plaintiff to continue a temporary injunction restraining defendant from executing the power of sale contained in the will of John T. McDonald, deceased.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James Kearney* for appellant. Under the fourth item of the will an equitable conversion of the real property is created, and as the terms of this item are directory, the fee of the property is not vested in the parties to this action subject to the power of sale, so that an election by the latter to take the property would not vest the fee in them or defeat the power of sale. (*Prentice* v. *Janssen,* 79 N. Y. 478; *Mutlon* v. *Bigg,* L. R. [1 Ch. Div.] 385; 1 Jarman on Wills, 523; Story's Eq. Juris. § 793; *Blanchard* v. *Blanchard,* 4 Hun, 287; 70 N. Y. 615.)

*William J. Lacey* for respondent. The power of sale given by the will is mandatory. (*Delafield* v. *Barlow,* 107 N. Y. 535; *Hetzel* v. *Barber,* 69 id. 5; *Prentice* v. *Janssen,* 79 id. 478; *Greenland* v. *Waddell,* 116 id. 234; *Mellen* v. *Mellen,* 139 id. 210.) The will, by its terms, causing an equitable conversion of the real estate, no re-conversion can take place unless all the parties are of full age and otherwise competent to make an election to take the land rather than the money. (*Mellen* v. *Mellen,* 139 N. Y. 210.)

Haight, J. This action was brought for the partition of real estate.

It appears that John T. McDonald, late of the city of New York, died in the month of May, 1891, leaving him surviving six sisters, of which the plaintiff was one, together with Thomas F. McDonald, John P. McDonald and James A. McDonald, children of a deceased brother, Patrick McDonald; that he left a last will and testament which had been duly proved and admitted to probate, in which it was provided in the fourth item thereof that, "All the rest, residue and

remainder of my estate, real and personal, I hereby direct and empower my said executors, or the survivor of them, as soon as practicable, to sell and divide into equal parts, and pay and distribute the said residue and remainder among my sisters, Mary Conlon, Ann McDonald, Bridget McDonald, Kate McDonald, Margaret Kilduff, Ellen McDonald and the children of my brother, Patrick McDonald, share and share alike; and in case of the death of either of them, then such residue to be divided among the survivors of them in equal parts, share and share alike, the said children of my brother Patrick taking the share to which they would be entitled in one of said equal parts." At the time of his decease he was the owner of real estate situated on the southeasterly corner of 85th street and Madison avenue in the city of New York, consisting of three five-story apartment houses. These houses were occupied throughout by tenants, producing a fair income. In the month of June, 1894, the defendant O'Hara, as sole surviving executor, advertised the real estate in question for sale at public auction at the New York Real Estate Sales Rooms, 111 Broadway, upon liberal terms. As soon as this notice was discovered by the plaintiff she objected to the sale, insisting that the market was dull and money for real estate investments scarce, and that irreparable injury would result from a forced sale at that time. Four of her sisters and her nephews Thomas F. and John P. McDonald joined with her in the request that the premises be not then sold, and that the injunction prayed for issue restraining the sale. The plaintiff's sister Mary Conlon and her nephew James A. McDonald were made parties defendant; but they do not appear to have joined in the request. James A. McDonald is an infant thirteen years of age.

We are inclined to the view that there is no escape from the conclusion that the direction to sell embraced in the will is imperative, and that it operates to convert the realty into personalty. (*Delafield* v. *Barlow*, 107 N. Y. 535.) It is, however, well settled that the persons who are exclusively entitled to the fund arising from the sale may, if they so elect

prior to the actual sale, take the real estate in its unconverted
form. (Story's Eq. sec. 793; *Hetzel* v. *Barber*, 69 N. Y.
1–11; *Prentice* v. *Janssen*, 79 id. 478–485; *Mellen* v. *Mellen*,
139 id. 210–220.) There must, however, be a concurrence on
the part of all the beneficiaries in an election to take the land
in order to take it out of the operation of the power of sale
given by the will. This has not been done. Should we
assume that the request signed by Kate McDonald and others,
that the sale advertised by the executor be enjoined, amounts
to an election, a question which we do not now determine, the
election is still incomplete, because only made by a part of
those entitled to the proceeds of the sale. It is contended
that James A. McDonald, being a minor, is incapable of
making an election. True, he has himself no such power.
Whether his guardian, by the consent of the court, might
elect for him it is not necessary now to determine, for no
election by guardian has been made, or consent of the court
asked. Mary Conlon was of full age, capable of making an
election, and yet no act on her part is disclosed from which
she can be said to have consented to accept the real estate.

The order appealed from should, therefore, be affirmed,
with costs.

All concur.

Order affirmed.