IN RE ESTATE OF LENORE B. WARNER.

No. 40175.

FEBRUARY 18, 1930.

*Shull & Stilwill,* for appellant.

*Maennel & Gunnell,* for appellee.

ALBERT, J.—Lenore B. Warner, a resident of New York, died February 13, 1927, leaving a will which was duly admitted to probate in the state of New York. Lydecker Van Riper was named, appointed, and qualified as executor thereof. Mabel P. Smith filed an application in the district court of Woodbury County, Iowa, for letters of administration, with will annexed, in August, 1928, and Robert S. Andrews was appointed administrator. Later, Lydecker Van Riper made an application to set aside the appointment of Andrews, asking that he (Van Riper) be appointed ancillary administrator. By agreement of parties, this application was granted, Andrews was discharged, and Van Riper was appointed and qualified as such ancillary executor, and is still so acting.

On August 22, 1928, Mabel P. Smith filed her petition in probate proceedings in Woodbury County, asking that the court issue an order permitting her to take the real estate referred to in Paragraph 4 of the testator's will, in lieu of the proceeds of the sale thereof, as provided in the will. The ancillary executor filed objections thereto, and the matter was submitted to the court, which confirmed her election to take the real estate, in lieu of the proceeds of the sale thereof, directed the ancillary administrator to execute and deliver to Mabel P. Smith a proper and sufficient deed of conveyance, proceeding to and investing in said Mabel P. Smith said legal title to said real estate, etc.; and it is from this order that this appeal is taken.

The will of Lenore B. Warner first provided for the payment of her funeral expenses and just debts. It next provided that certain specific property in Sioux City, known as Lot 7 in Block 9 in Sioux City East Addition, under a 99-year lease, be disposed of to Agnes N. Levinsohn and Dorothy C. P. Harvey.

Paragraph 4 of the will, the one in controversy herein, reads as follows:

"I order and direct my executor hereafter named to sell, at public or private sale, my real properties situated in Sioux City, Woodbury County, state of Iowa, known as Lot 2 in Block 105, Sioux City East Addition; Lots 1, 2 and 3 in Block 1, Higman's Pierce Street Addition; and Lot 9 in Block 34, Middle Sioux City, at such times and in such manner and on such terms and

conditions as he, in his judgment, may deem wise and proper, and I do hereby authorize and empower my said executor to execute and deliver any and all deeds and other instruments that may be necessary or proper to pass titles thereto, as well as the authority and power to lease the said properties pending the sale thereof; and the proceeds of the sale of said properties (after the payment of all taxes, assessments, commissions and other charges and expenses) I give, and bequeath (and direct my said executor to pay the same) to Mabel P. Smith, of New Rochelle, New York, her heirs, executors, administrators and assigns forever.''

Later provisions in the will dispose of other property not involved in this case, and in the closing paragraph, Van Riper is named as executor, without bonds.

A stipulation was filed in the case, covering the question of taxes, inheritance taxes, and penalties thereon, rents, and insurance. A second stipulation provided:

"It is agreed that, under the petition of Mabel P. Smith and the resistance of Van Riper, the question as to whether said Mabel P. Smith is entitled to have confirmed her election to take in kind the real property described in her petition, in lieu of the proceeds of the sale thereof, as provided in the fourth paragraph of said last will and testament, be and is hereby submitted to this court as a question of law for decision.''

Under the record and the stipulations made herein, the question of the liability of this real estate for the payment of debts, taxes, interest, inheritance taxes, and other charges is eliminated, and the question is thus one purely of legal rights.

Mabel P. Smith insists that, under the law, she had the right, and did elect, to take this real property in place of the proceeds thereof. Stated in another way, we have before us the question whether, under the terms of this will, there was an equitable conversion of this real property into personal property (money), and if so, whether or not the beneficiary can reconvert the same into real estate, or, by election, take the real property in place of the proceeds thereof.

The doctrine of equitable conversion is a doctrine of long standing in the law, both in this state and all other states. A

definition thereof and its application were last treated by us in the case of *In re Estate of Dodge,* 207 Iowa 374, where we refer to our previous decisions upon this subject and set out the requisites of such conversion of real property into personalty, and we need not repeat them here.

If we turn for a moment to the will under consideration, it will be noted that the paragraph in controversy does not, in terms, devise this real estate to the executor. It does, however, order and direct the executor to sell the same under the conditions therein specified, and to pay the proceeds to Mabel P. Smith. This will, therefore, in direct terms orders the sale of this property and the payment of the proceeds of the same to the specified beneficiary, and in equity this is a conversion of the real estate into personalty. As we understand the appellant's argument, he does not controvert this conclusion, but insists that, while this is true, there is no right of reconversion.

The doctrine of reconversion, or the right of a beneficiary to take real estate in place of the proceeds thereof, where the same has been ordered sold, is also one that has been recognized as of long standing by all courts. We first announced this doctrine in the case of *Boland v. Tiernay,* 118 Iowa 59, and later in *Atlee v. Bullard,* 123 Iowa 274, l.c. 279; *Norris v. Loyd,* 183 Iowa 1056. That this is the general rule, see 13 Corpus Juris 885; 6 Ruling Case Law 1090. When this doctrine of reconversion is applied, the relations of the beneficiary to the land are the same as though it had been directly devised to him. *Dever v. Turner,* 200 Iowa 926; *Bank of Ukiah v. Rice,* 143 Cal. 265 (76 Pac. 1020, 101 Am. St. 118); *Baker v. Copenbarger,* 15 Ill. 103 (58 Am. Dec. 600); *Greenland v. Waddell,* 116 N. Y. 234 (22 N. E. 367).

It is first insisted that the appellee has no right to make the election because there is no showing that she is a single woman, and if she be married, an election cannot stand, because not  joined in by her husband. In the first place, there is nothing in the record to show that appellant is a married woman, and in the absence of such showing, there is no presumption that she was married. We are cited to 13 Corpus Juris 890 and cases in Notes 49, 50, and 51, as stating the contrary rule: to wit, that a married woman cannot elect without

her husband's joining in such election. A review of the cases cited, however, shows that they are not applicable to the conditions existing in the instant case, as each of them was decided under the common-law doctrine that the wife was under disability of coverture, and since the decision of all of these cases, the wife (especially under the Iowa statute) is given the right to hold such personal property individually, and may sell or dispose of the same without the consent of the husband.

In the instant case, the equitable conversion of this property took place at the death of the testator. *Boland v. Tiernay,* supra; *In re Will of Miller,* 128 Iowa 612; *Beaver v. Ross,* 140 Iowa 154; *Inghram v. Chandler,* 179 Iowa 304.

This property, after the death of the testator, and up to the time of Mabel P. Smith's election, was, in the eyes of equity, personal property. She had the right to sell, dispose of, or incumber the same as she saw fit. She could do so without the consent and concurrence of her husband. This being true, it necessarily follows that the husband, if she had one, need not join her in making this election.

It is next insisted that, the testatrix being a resident of the state of New York, the laws of that state must apply to the construction and application of the will. In the first place, there is no pleading of the statutes of the state of New York, and therefore they are presumed to be the same as those of the state of Iowa. On the other hand, if there should be found to be a conflict between the statutes of the two states, the doctrine of *lex rei sitae* governs; hence it is immaterial what the statutes of the state of New York might say on this question. *Olson v. Weber,* 194 Iowa 512.

It is insisted that Mabel P. Smith has not, in effect, made an election herein in the form required. To this contention we give little attention, because she is the party bringing the action as plaintiff, and she is represented by attorneys both from New York and the city of Sioux City, and the stipulation filed in the case is that this question is the sole one for the court to determine. It is too late now to raise the question of want of jurisdiction, or whether or not her election was in the form required by law. It has been so treated by the parties to the action, and this is enough.

In *Dever v. Turner,* supra, among other things, it is said:

"It is well settled that an equitable conversion of realty into personalty may be avoided and in effect set aside and a reconversion into land be accomplished by the joint consent of all the parties in interest, if they be *sui juris,* and if no trust intervenes."

'It is on the last phrase of this quotation that the appellant lays much stress,—to wit, "and if no trust intervenes." It is insisted by the executor herein that a trust does exist, under the terms of this will, and therefore that reconversion cannot be had. Assuming, without deciding, that the phrase thus relied upon correctly states the law, we do not think that the conditions provided by the terms of this will create such a trust that the aforesaid doctrine would apply. We can conceive of cases where the terms of the will might create a trust which could not be carried out if a reconversion were allowed. In fact, some cases of this character have been called to our attention; but whatever the duties and rights conferred upon the executor in the instant will, they are all for the benefit of Mabel P. Smith, the sole beneficiary, and to allow her to exercise the right of reconversion would in no way interfere with the rights and duties conferred upon the executor. We hold, therefore, that there was nothing in this contention of the appellant's.

The sum total of this holding is that, under the terms of the will, an equitable conversion took place, and there is nothing in the will which prevents Mabel P. Smith from electing to reconvert this property into real estate and accepting it in lieu of the money bequest made to her under the will. This is the conclusion reached by the district court, and we think it is right.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.