GERTRUDE MITCHELL, an Unmarried Woman, v. LINCOLN C. BOGUE, as Administrator *cum testamento annexo* of the Last Will and Testament of Frances Susan Wilson, Deceased, JACKIE MITCHELL, a Minor, ARTHUR MITCHELL, a Minor, and JACK MASON SMITH, as Guardian of Said Minors; H. E. WAECHTER, *et ux.*

196 Sou. 306
Division B
Opinion Filed May 17, 1940

788

*Carey & Harrison,* for Appellant;

*Fisher & Sauls,* Attorneys for Lincoln C. Bogue as Administrator *cum testamento annexo* of the Estate of Frances Susan Wilson; *Hardee & Martin,* Attorneys for H. E. Waechter and Sarah Waechter, *Ed W. Harris* as Guardian *ad litem* and as Attorney for Jackie Mitchell, a Minor, Arthur Mitchell, a Minor; and *Jack Mason Smith,* as Guardian for Said Minors, for Appellees.

BROWN, J.—This is an appeal from an order granting a motion to dismiss a bill of complaint filed by appellant Gertrude Mitchell against Lincoln C. Bogue, as administrator *cum testamento annexo* of the last will and testament of Frances Susan Wilson, deceased, *et al.,* which bill sought to restrain the administrator from executing and delivering a deed to H. E. Waechter and wife, conveying "lots 14, 15, 16 and 17 of Bonnivista Subdivision, according to map or plat of same as it appears among the public records of

Hillsborough County, Florida, of which Pinellas County, Florida, was formerly a part." The bill further prayed that the court decree that a certain order entered by the Judge of the County Court of Pinellas County on June 25, 1938, was null and void, in so far as said order defines or describes the title, boundaries, description or location of the real estate purported to be defined or described therein and in so far as it attempts to authorize a sale of, or orders or authorizes said administrator to execute or deliver a deed to Waechter and wife or to any other person, firm or corporation, of any part of the real estate described in the seventh item of the last will and testament of Frances Susan Wilson, deceased.

The bill alleges that Frances Susan Wilson, a resident of the State of Pennsylvania died leaving a will which was duly probated in Pennsylvania. A part of the estate consisted of real estate in Pinellas County. Ancillary admininstration proceedings were instituted in Pinellas County on or about January 27, 1938, and Lincoln C. Bogue was appointed administrator with the will annexed and he duly qualified and entered upon his duties as such. That the property owned by the testatrix in Pinellas County at the time of her death consisted of real estate only, with the possible exception of a few items of furniture located therein. That at the time of her death testatrix left surviving her as the sole heirs and beneficiaries under her will, the plaintiff, Gertrude Mitchell, and the plaintiff's brother, F. A. Mitchell, and two grandsons who, with their guardian are made parties defendant to the bill. A copy of said will is attached to the bill and item 7 thereof reads as follows:

"Item 7. Property known as 4900 Central Avenue, St. Petersburg, Florida, and property known as 1625 - 13th

Street, South; also lots known as No. 14, 15, 16 and 17, in the same plot, at St. Petersburg, Florida, to be sold and the money derived from the sale of said property to be divided in equal shores between my daughter, Gertrude, and my son, F. A. Mitchell."

On May 16, 1938, the administrator filed a petition in the probate court of Pinellas County, seeking the confirmation of a sale of part of said real estate described in Paragraph 7 of the will, which petition is attached as an exhibit to the will.

The said petition of Administrator Bogue reads in part as follows:

"4. Petitioner further represents that he has received an offer of $2,100.00 cash for the purchase of the following described real estate located and being in the County of Pinellas, and State of Florida, and described as follows: Lots 14, 15, 16 and 17 of Bonnivista Subdivision, according to the map or plat of the same as it appears among the public records of Hillsborough County, Florida, of which Pinellas County was formerly a part.

"The paragraph of the will above referred to described this property as '1626 - 13th Street, South,' and further describes it as Lots number 14, 15, 16 and 17 on some plot. Petitioner represents that the property located at 1626 - 13th Street, South, in the City of St. Petersburg, Florida, consists of one house and a small house located upon lots 14, 15, 16 and 17 of Bonnivista Subdivision and that the property referred to in paragraph (7) of the will with the exception of that property known as 4900 Central Avenue, St. Petersburg, Florida, is lots 14, 15, 16 and 17 of Bonnivista Subdivision.

"5. On the 25th day of April, 1938, petitioner's attorney wrote to the attorneys representing the domiciliary ad-

ministration in this estate, Reynolds & Reynolds, of Wilkes Barre, Pennsylvania, advising them of the receipt of an offer to purchase this property for $2,100.00 and requested their answer and reaction as to such sale. On the 4th day of May, 1938, no answer having been received from such letter, and acting under the authority contained in the will and its mandate, petitioner, insofar as he was authorized by the laws of the State of Florida, accepted such offer of purchase and signed a contract in triplicate, one copy of which is attached to this petition, made a part thereof and is marked exhibit "B" wherein and whereby he agreed to sell such property to H. E. Waechter and wife, Sarah Waechter, subject to the confirmation of this Court.

"6. In the afternoon mail of Saturday, May 7, 1938, petitioner's attorney received a letter from Reynolds & Reynolds, attorneys of Wilkes Barre, Pennsylvania, representing the domiciliary administration of this estate, and on behalf of Gertrude Mitchell and Friend A. Mitchell, in which letter was enclosed a deed of conveyance to certain property located in Pinellas County, Florida, among which was the property described as Lots 14, 15, 16 and 17 of Bonnivista Subdivision, whereby such property was conveyed by Friend A. Mitchell, a widower, to Gertrude Mitchell. By the terms of such letter to Byron T. Sauls, his undersigned attorney, stamps were requested to be affixed to this deed and the same to be recorded among the public records of Pinellas County, Florida. Pursuant to such request, stamps have been affixed to the same and on the 10th day of May, 1938, same was delivered to the Deputy Clerk of the Circuit Court for Pinellas County, in St. Petersburg, Florida, for recording.

"7. Petitioner further says that he is desirous that the court will inquire and determine whether or not the prop-

erties described in paragraph (7) of the will as '1626 - 13th Street, South, also lots known as numbers 14, 15, 16 and 17 on same plot, at St. Petersburg, Florida,' is the same property as that which your petitioner proposes to sell and judicially determine such facts.

"8. Petitioner further represents that the deed from Friend A. Mitchell to Gertrude Mitchell just referred to in a previous paragraph has created a confusion in petitioner's mind as to his authority to proceed with the sale of this property as required under the terms of the will.

"9. In carrying out the mandate of the will, petitioner has become obligated to pay a real estate commission of $105.00 in the event this sale is consummated and that it has been necessary to have abstracts of title recertified to each of the four lots and that this is a necessary charge.

"10. Gertrude Mitchell, F. A. Mitchell, Arthur Mitchell, a minor, and Jack Mitchell, a minor, are all of the beneficiaries under this will, and should be notified of this petition, and Jack Smith is the legal guardian of such minors.

"WHEREFORE he respectfully prays that the Court will determine the exact descriptions of the property described in paragraph (7) of the will as '1626 - 13th Street. South, also lots known as number 14, 15, 16 and 17 on same plot at St. Petersburg, Florida.'

"He further prays that the court will under the circumstances outlined in this petition, instruct him as to his power and duties under the terms of the will respecting the sale of the real property described in paragraph (7) of the will.

"In the event the court should determine that it is his duty and power to sell such property as directed by the will, then that the court will hear evidence respecting the offer received by this petitioner for the purchase of the property

referred to in the above petition and, if such offer is reasonably consistent with the present market value of such property, this court will enter its order authorizing such sale to be made free and clear of all encumbrances for $2,100.00 cash and will allow your petitioner to expend the sum of $105.00 for real estate commission to be paid to the real estate agent making such sale, and pay for abstract costs and such other incidental expenses as are necessary in connection with sales of real property.

"That citation be issued to the parties named in paragraph 10 of this petition as provided by law."

It will be observed from the above petition that the deed from F. A. Mitchell to his sister Gertrude Mitchell which purports to have been made on April 27, 1938, was not received by Administrator Bogue until May 7, 1938, which was subsequent to his entering into the contract of sale with the Waechters on May 4, 1938. The copy of this contract with the Waechters shows that it was dated April 26, 1938, and was made subject to confirmation by the County Judge of Pinellas County. The contract also shows that $210.00 earnest money was paid down and that the remainder was to be paid upon delivery of deed.

The order of the county judge confirming the sale shows that the citation and returns thereon evidencing service thereof have been made upon both Gertrude Mitchell and F. A. Mitchell and the other interested parties, all in due and proper form. Then follows the following recitals and findings of the county judge:

"THEREUPON the court heard the testimony under oath as to the allegations set up in the petition of the administrator to sell real estate and for construction of the will and powers of the administrator and now finds and judicially determined the following:

"That Lincoln C. Bogue as administrator *cum testamento annexo* of the last will and testament of Frances Susan Wilson, deceased, was charged with the duty to sell the real estate described in paragraph 7 of the will and that he entered into the agreement to sell lots 14, 15, 16 and 17 of Bonnivista Subdivision according to map or plat as it appears among the public records of Hillsborough County, Florida, of which Pinellas County, Florida, was formerly a part, such property being now located in said Pinellas County, Florida, in good faith and as was required under the will.

"The court further finds and judicially determines that the portion of real property described in paragraph 7 of the will as '1626 - 13th Street, South, also lots known as Nos. 14, 15, 16 and 17 on same plot at St. Petersburg, Florida,' is one and the same property as that which the administrator agreed to sell to H. E. and Sarah Waechter, more particularly described as:

"Lots 14, 15, 16 and 17 of Bonnivista Subdivision, according to map or plat of the same as it appears among the public records of Hillsborough County, Florida, of which Pinellas County was formerly a part.

"The court heard evidence of the value of this real property and the buildings located thereon and from such evidence, it is judicially determined that the sum of $2,100.00 agreed to be paid for such property is a fair cash value therefor.

"It is made to appear from sworn testimony that the real estate described in paragraph 7 of the will has been listed for sale ever since the appointment of the administrator and continuous efforts have been made to sell the same and the administrator has incurred the expenses of real estate commission, recertification of abstract and other ex-

penses incidental to sales of real estate and that these are proper charges to be incurred by this estate and its personal representatives.

"Byron T. Sauls, as attorney for the personal representative of this estate, exhibited to the court voluminous correspondence between his office and Reynolds & Reynolds, Attorneys-at-Law, Wilkes Barre, Pennsylvania, the latter representing the domiciliary administration of the estate and from these letters and other evidence submitted it was made to appear that after the administrator had received the offer to purchase this property, the attorneys for the domiciliary administration were notified of such offer and asked for their comments and on April 25, 1938, were notified of the same. The contract to sell such real estate, although bearing a date of April 26, 1938, was not executed by the administrator until the 4th day of May, 1938, and at the time of its execution the attorneys representing the domiciliary administration had made no objection to such sale or the terms thereof, but almost immediately following this forwarded a deed from F. A. Mitchell to Gertrude Mitchell covering real estate involved in this matter, to Byron T. Sauls requesting that it be recorded. Such attorney complied with this request and recorded the said instrument; however, this court finds as a matter of law that the legal effect of such deed, at best, did not divest the administrator of the powers and duties conferred under the will and notwithstanding the execution of such deed and its recordation among the public records of Pinellas County, Florida, it is now his duty to carry out the terms of the will and make sale of this real estate as he agreed to prior to receipt of any notice of such deed.

"IT IS THEREUPON ORDERED AND DECREED that the sale by Lincoln C. Bogue as Administrator *cum testamento an-*

*nexo* of the estate of Frances Susan Wilson, deceased, of that certain real estate located and being in Pinellas County, Florida, and described as follows: Lots 14, 15, 16 and 17 of Bonnivista Subdivision, according to map or plat of same as it appears among the public records of Hillsborough County, Florida, of which Pinellas County, Florida, was formerly a part, to H. E. Waechter and wife, Sarah Waechter, for the sum of $2,100.00 in cash, be and the same is hereby approved and confirmed and upon the entry of this Order and Decree, Lincoln C. Bogue as such Administrator is required and directed to make, execute and deliver a good and sufficient deed of conveyance to such persons conveying to them all the right, title and interest of Frances Susan Wilson at the time of her death and all of the right, title and interest of such Administrator as the personal representative of her estate, since her death therein.

"It Is Further Ordered that the Administrator be authorized to pay the sum of $105.00 as a reasonable commission to the real estate agent making such sale, and to pay costs of re-certifying abstract and other costs and expenses incidental to such sale.

"Done and Ordered at Clearwater, Florida, this 24th day of June, A. D. 1938."

In her bill appellant contends that the order made by the judge of the county court is void for the following reasons:

"1st. Because it violates the provision of Section 11 of Article V of the Constitution of the State of Florida, which gives exclusive jurisdiction to the circuit court, of 'All actions involving the titles or boundaries of real estate,' and therefore the county judge could not enter a valid order defining the boundaries of real estate or in any manner quieting the title to real estate.

"2nd. Because the county judge has no jurisdiction or authority whatsoever to enter a declaratory judgment, whereas the judgment entered was definitely a declaratory judgment defining and declaring what actual real estate was involved.

"3rd. Because, the only two interested parties in the land in question had exercised the right of reconversion, before the petition was filed upon which the order excepted to was entered, and, wherefore the court of the county judge, as a court of probate, had entirely lost jurisdiction over said real estate."

"This order of confirmation as we have seen was entered by the probate judge on the 24th day of June, 1938. This judgment has not been reversed, set aside or altered in any way. The bill making the attack on this order of confirmation was not filed in the circuit court until February 1, 1939, which was more than six months after the entry of the confirmation order by the county judge. The period of appeal had long since expired. Therefore this bill constitutes a collateral attack upon the order of the county judge confirming the sale made by the administrator. In the case of Fiehe v. Householder Co., 98 Fla. 627, 125 So. 2, this Court, speaking through Mr. Justice STRUM, said:

"In considering the question thus presented, it must again be recalled that this is a collateral attack, the scope of the inquiry in which is confined to jurisdictional grounds which would render void the orders under attack, since the orders of the county judge authorizing and confirming the guardian's sale, if made within his jurisdiction, cannot be collaterally impeached for mere irregularities. Emerson v. Ross, 17 Fla. 122; Price v. Winter, 15 Fla. 66; Thaw v. Falls, 136 U. S. 519, 10 S. Ct. 1037, 34 L. Ed. 531; Moffer

v. Jones, 67 Okl. 171, 169 P. 652. See also, Thompson v. Tolmie, 2 Pet. 157, 7 L. Ed. 381."

To like effect is the holding in Fidelity & Dep. Co. v. Hogan, 102 Fla. 196, 135 So. 825. The first question for us to consider then is whether this order of the probate court was void for want of jurisdiction. In this connection appellant contends that the county judge attempted to determine the boundaries or title to real estate, jurisdiction of which was vested solely in the circuit court by Section 11 of Article V of the Constitution. It is also contended that the county judge attempted to enter a declaratory judgment, finding in effect that the language of Section 7 of the will described and covered the property which the administrator had agreed to sell to H. E. Waechter and Sarah Waechter. Undoubtedly, the order of the county judge contained a recital of what the testimony discloses and found that certain property described in the 7th paragraph of the will is the same as the property involved in this sale. But if there was any error in this finding, the appellant is not in a position to complain of it because in her bill she alleges that lots 14, 15, 16 and 17 of Bonnivista Subdivision, which the administrator had petitioned the county judge to authorize him to sell, was "a part of the real estate described in the 7th item of the last will and testament of Frances Susan Wilson, and likewise being a part of the real estate described and conveyed in the deed from Friend A. Mitchell to appellant, Gertrude Mitchell, as hereinabove set out." So, the appellant and all other parties to this controversy being agreed that it is the same property, certainly the mere finding by the county judge to that effect would not invalidate the actual order of confirmance. Undoubtedly, the county judge has the right to consider the petition of the administrator, which prayed that the court authorize him to consummate the contract of sale which he had theretofore

made to the Waechters, and regardless of the reasons which the county judge may have given for his order of confirmance, he had the right to make such an order and to authorize the consummation of the contract of sale. If there was any judicial error committed in the course of the proceedings, the review thereof should have been sought by appeal.. On this collateral attack we can only consider the jurisdiction of the court, or the lack of it, as the case may be. It is true that one of the findings of the court is in the nature of a declaratory judgment, to the effect that the property sold by the administrator was a part of the property described in item 7 of the will, but if this be stricken from the order entirely we would have left an order confirming the sale which the administrator had made and authorizing its consummation in accordance with the contract. Many orders, decrees and judgments of courts, both at law and in equity contain a declaratory element. They ascertain and find the rights of the parties and then render a judgment for damages, or for injunction, or for some other form of coercive relief. As was said by Mr. Kooman, in his Florida Chancery Pleading and Practice, 381, "Except for the coercive element, there is no difference between a declaratory decree and any other decree between opposing parties." That part of the order of the county judge which merely confirms the sale, authorizes its consummation and requires the administrator to make, execute and deliver a proper deed to the purchasers was incidental to the administration of the estate and is not a declaratory decree, and was within the jurisdiction of the court. In this connection, see Redfearn on Wills and Administration of Estates in Florida, Sec. 125, pp. 170-172, and comments on p. 568.

Nor is this conclusion shaken by the fact that the petition

of the administrator prayed that the county judge make findings of fact in the above connection.

Regardless of the reasoning which the court may have given for its order, our conclusion is that it had the jurisdictional power to make it. Art. V, Sec. 17, Const.; Sections 38, 126-127, 144, of Probate Act of 1933, Ch. 16103.

Appellant also contends that inasmuch as F. A. Mitchell had executed and delivered a deed conveying all of his interest in the land described in item 7 of the will to his sister, the appellant, the ancilliary administrator had no right to sell this property subsequent to the execution, delivery and recording of this deed for the purpose of distributing the proceeds thereof to the named beneficiaries.

While this contention does not go to the jurisdiction of the county judge with respect to the making of the order complained of, we are not convinced that the county judge committed error with respect to his decision of this question which could have been reversed on appeal. The offer of the Waechters to purchase, made in writing, and the administrator's acceptance had taken place before such ancilliary administrator received any notice that the brother had conveyed his interest in the property to his sister. We recognize the doctrine of reconversion referred to in appellant's able brief; see 13 C. J. 885-890. Thus in 6 R. C. L. 1090 it is said:

"It is a well-settled rule in equity that where a testator directs land to be sold and the proceeds thereof distributed among certain designated beneficiaries, such beneficiaries may elect before the sale has taken place to take the land instead of its proceeds. When they have so elected and sufficiently manifested their election, the authority to sell the land cannot thereafter be exercised by the executor, but is extinguished. The estate is thereby reconverted into real property, and by reason of such reconversion the re-

lation of the beneficiaries to the land is the same as if it had been directly devised to them. This right rests on the presumption that the power of sale given to the executor was intended for the benefit of the beneficiaries, and on the principle that as they are the absolute owners of the entire property in the land, they have the right to direct the disposition to be made of it; and also in consideration of the practical effect of a contrary rule."

On page 1091 of 6 R. C. 'L. it is held that the devisees must unanimously elect to take the land instead of the proceeds before the sale is made and that such election must be manifested by some unequivocal act or declaration. Then it is said:

"A conveyance of the land by the beneficiaries is evidence of such election. since they thereby part with their right to the proceeds of the sale, as well as their right to the land, and cease to have any interest in the execution of the power. Where the reconversion is to be effected by a conveyance, however, such conveyance must be made by all the beneficiaries, unless the estate is of such character that a conveyance by one or more of them will not impair the interest of the others. The reason for this rule is that, as each has a separate right to insist on the bequest as provided by the will, his claim cannot be defeated except on the election of the all; hence each must have the uncontrolled right to have the land sold and to receive his share of the proceeds of the sale of the land, and a conveyance by one beneficiary of his undivided interest in the land will not operate as a reconversion of that interest."

The bona fides of the administrator in this case cannot be questioned. His petition shows that he made a full disclosure of all the pertinent facts to Hon. Jack F. White, the county judge, in his petition for confirmation. If appellant Gertrude Mitchell had herself intended to effect a

reconversion, it would seem that she would have made this fact known to the county judge within the twenty days allowed her after service of citation and notice that the petition for confirmation of sale had been filed. The burden of establishing a reconversion is on those who assert it.

It is contended by appellee that appellant has merely shown evidence of reconversion by one of the beneficiaries, namely her brother, who conveyed his interest to her by execution of the deed, but that she has not established an election on her part. However, if she in fact accepted the deed, this *might* have amounted to some evidence of an intention on her part to reconvert, but even upon review on appeal it might have been incumbent on her to have made her election known to the county judge before he entered his order of confirmation. At any rate, as above stated, the probate court had jurisdiction of the parties and of the subject matter and we cannot on collateral attack hold void his order of confirmation for mere errors, even if such errors might have been available to obtain a reversal on appeal.

The decree of the circuit court granting the motion to dismiss the bill of complaint is therefore affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.