PIERCE, Judge.
This an appeal by appellant Mrs. Kathryn Polen, as residuary beneficiary under the Will of Minnie E. McVay, deceased, from an order entered by the County Judge’s Court for Manatee County, wherein the estate is being probated, granting *707 the petition of James M. Wallace, as executor of said estate, for an order authorizing sale of certain real property of the estate and directing sale of said property by the executor pursuant to a contract for sale which decedent had executed during her lifetime.
The property was Lot 11, Block F, BAYSHORE GARDENS SUBDIVISION, SECTION TWO, as per Plat thereof, located in Manatee County, and by the terms of the contract decedent had obligated herself to sell the same to Wade H. Carroll and his wife Margaret Z. Carroll. The contract for sale was executed on September 23, 1968 and provided for a total purchase price of $10,500.00, of which $500.00 was a cash deposit and the remaining $10,000.00 to be paid when the transaction was closed “on or before 30 days from contract date”. The contract contained the following special condition: “CONTRACT SUBJECT TO SELLER GETTING APARTMENT IN ASBURY TOWERS ON OR BEFORE October 23, 1968”. Mrs. McVay died on October 28, 1968, and on November 18, 1968, Asbury Towers refunded to the estate the amount of deposit fee which had been deposited for the apartment by Mrs. McVay.
Executor Wallace, on December 16, 1968, after setting forth substantially the foregoing facts, filed petition asking the Court to “determine whether or not to honor said contract for sale; and if so, enter its order authorizing such sale”, and attaching a copy of the contract to the petition. On February 5, 1969, Mrs. Kathryn Polen, a residuary beneficiary of the estate, filed her objection to the executor’s petition. In due course the County Judge entered his order directing the sale, from which the instant appeal has been taken by the beneficiary. The sole question before the lower Court, and now before this Court, concerns the jurisdiction of the County Judge to enter the order complained of. The executor, augmented by the purchasers Carroll under the contract, contends the County Judge had such authority under applicable provisions of the Constitution and statutes. The objecting beneficiary contends that the subject matter before the County Judge was in essence a proceeding to “try title” to real estate, as to which type of proceeding exclusive jurisdiction is vested in the Circuit Court. We agree with the County Judge and affirm.
Article V, Section- 6(3) of the Constitution provides that “[t]he circuit courts shall have exclusive original jurisdiction * * * in all actions involving the titles or boundaries of real estate * * * ”. Article V, Section 7(3) of the Constitution provides that “[t]he county judge’s courts shall have jurisdiction of the settlement of the estate of decedents * * *, to order the sale of real estate of decedents * * * and to discharge the duties usually pertaining to courts of probate”,-
There is no conflict between the two constitutional provisions aforesaid. “Trying the title to real estate”, as contemplated by Article V, Section 5, is one thing, such as where there is a substantial conflict between claimants to real estate involved in the estate, one of which claimants may be, and usually is, the estate itself. “Ordering the sale of real estate” of a decedent is not necessarily synonymous with, nor embraced within, “trying the title” thereto. This is made clear by F.S. § 733.32, F.S.A., first enacted as Section 136 of the original Probate Act, Ch. 16103, General Laws of 1933, which provides inter alia as follows:
“733.32 Conveyances pursuant to contracts of decedent
In all cases where written agreements have been made for the sale * * * of real property in this state * * * and the vendor has died before making such conveyance * * * the personal representative * * * may file with the county judge before whom the administration of the estate is pending a sworn petition setting forth the facts upon which the claim is predicated and *708 annexing' thereto the agreement or a copy thereof. * * * After a hearing upon such petition * * * the county judge may make an order directing the personal representative to make, execute •and deliver the conveyance * * * to the person entitled to the same * * *. Such order shall describe the property to he conveyed [and] * * * shall be prima facie evidence of the validity of the proceedings and of the authority of the personal representative to make the conveyance * * *
The jurisdiction of the County Judge in such cases, pursuant to Article V, Section 7(3) of the Constitution and F.S. Section 733.32, F.S.A., has been recognized by this Court in In re: Shepherd’s Estate, Fla.App.1961, 130 So.2d 888. See also Deans v. Wilcoxon, 1890, 25 Fla. 980, 7 So. 163; Mitchell v. Bogue, 1940, 142 Fla. 787, 196 So. 306.
The order appealed is affirmed.
HOBSON, C. J., and McNULTY, J., concur.