20094

Carolyn Ann S. TAYLOR et al., Appellants, v. Mildred S. GODDARD, as Executrix of the Estate of Carrie Lou Senn, Respondent.

(218 S. E. (2d) 246)

*Messrs. Burnside, Roof* and *Cox,* of Columbia, *for Appellants,* cite:

*Messrs. Gressette and Gressette,* of St. Matthews, *for Respondent,* cite:

September 15, 1975.

NESS, Justice:

This is an action for declaratory judgment presenting a question of partial ademption of a devise of realty. The trial judge held there was an ademption and the petitioners have appealed.

On December 29, 1967, the testatrix, Carrie Lou Senn, executed her will and a power of attorney. She appointed

her daughter, Mildred Goddard, the respondent as the attorney in fact. Mrs. Goddard is a residuary legatee and serves as the named executrix of the testatrix's estate. The appellants are the grandchildren of the testatrix and are devised the proceeds of the sale of the Haynes' Place.

The testatrix died more than four and one-half years after the execution of the will. Throughout this period Mrs. Goddard, as the attorney in fact, sold various assets of the testatrix in order to provide her with proper medical treatment and upkeep. In May, 1972, Mrs. Goddard sold a conservative cutting of timber from the Haynes' Place for Twelve Thousand Fifty ($12,050.00) Dollars. These funds were commingled in the testatrix's checking account which included social security payments, rental income and funds from other sources.

The grandchildren claim all funds on hand at the date of the testatrix's death, less expenses of administration, as proceeds from the sale of timber. Respondent argues these funds are personal property and pass under the residuary clause.

The issues before the Court arise from the interpretation and effect of the following provision of the will:

"I give and devise unto my executrix...my tract known as the Haynes' Place...and I direct that after the expiration of six (6) months following my death that my executrix sell the same...(and) divide the proceeds of sale equally among my grandchildren....

"In the event that it became necessary that I sell or mortgage this tract of land during my lifetime, the proceeds of sale or the loan proceeds shall be maintained in a special account, and if there remains any balance at my death, it is my will that my executrix divide the balance among my four (4) grandchildren....."

The special referee held the grandchildren were entitled to the proceeds of the timber sale and the executrix should

convey the Haynes' Place as requested by all of them, rather than sell the land as stated in the will.

. The trial judge reversed. He held: the proceeds remaining from the timber sale were adeemed because they were not identifiable; the proceeds pass under the residuary clause; and Mrs. Goddard as executrix should sell the Haynes' Place and distribute the proceeds to the grandchildren. He also ordered attorney's fees for Mrs. Goddard, as executrix, be paid from the estate. We affirm as to ademption and reverse in part.

Ademption is firmly imbedded in the law of wills and for present purposes is sufficiently defined as a taking away. It operates as a rule of law to void specific legacies, without regard to the subjective intent of the testator. Stated simply, it ineffectuates a specific legacy or devise because the testator has parted with the subject and occurs when "the thing bequeathed is, in the lifetime of the testator, lost, disposed of, or so substantially changed or altered as not to exist in specie when the will takes effect." *Rikard v. Miller,* 231 S. C. 98, 103, 97 S. E. (2d) 257, 259 (1957).

Ademption by extinction is posited upon a sound proposition of law. When a specific legacy is bequeathed, the court presumes the intention of the testator is not to enrich the legatee by invading other estate assets, thereby substituting an economic equivalent of the subject bequeathed, but to grant only the specific property, so long as it is identifiable at the death of the testator. Specific legacies manifest only an intention to pass the named property to the legatee. When the property is extinct at the death of the testator, the court cannot supply a substitute. That would radically transpose the specifically expressed design of the testator into a general donative intention.

The sale of timber was an *inter vivos* conveyance by the testatrix through her attorney in fact. The testatrix declared in her will her desire to segregate

the proceeds of any sale of Haynes' Place, but this directive was *omitted* from the power of attorney and *never* communicated to Mrs. Goddard until the will was published. She commingled the proceeds with funds from other sources in a general checking account. Deposits and disbursements were frequently made, hence, at the death of the testatrix, the timber proceeds were unidentifiable. The specific bequest of them was adeemed. *Stanton v. David,* 193 S. C. 108, 7 S. E. (2d) 852 (1940). If the intention of the testatrix is disappointed or defeated, it cannot be said to be the fault of the law, but the neglect of the testatrix in not restricting the power of attorney in the same manner as the will.

The next issue is are the appellants entitled to have the Haynes' Place conveyed directly to them or are they restricted to the proceeds of a sale? The will provides for the executrix to sell the Haynes' Place and distribute the proceeds, however, all of the parties having an interest in the Haynes' Place have agreed to a direct conveyance. A public sale would accomplish nothing. By virtue of being able to claim the entire proceeds, the appellants could outbid everyone else. The general rule is: "[p]arties to whom the proceeds of the sale of land are bequeathed may elect to take the land by some unequivocal act or declaration, in which case there is a reconversion, but it is essential to such reconversion that all the beneficiaries join therein." *Mattison v. Stone,* 90 S. C. 146, 149, 72 S. E. 991, 992 (1911); see *Peace v. Harris,* 221 S. C. 429, 70 S. E. (2d) 860 (1952); 5 Page on Wills 624, § 47-16. The grandchildren are entitled to a direct conveyance.[1]

The executrix leased the Haynes' Place after the appellants made a demand for a direct conveyance. The pleadings did not raise the issue of whether the estate could retain the lease payments and the Special Referee

---

[1] They have agreed to pay the executrix her statutory fee based on the appraised value of the land.

did not consider it. The parties submitted the issue to the trial judge. He ruled in favor of the estate. The trial court reasoned that since the grandchildren had only a right to the proceeds of sale, the estate could retain the lease income. We have held the grandchildren were entitled to a direct conveyance. Accordingly, they were entitled to income from a lease entered into after the demand.

Next, the grandchildren attack the allowance of attorney's fee from the estate for Mrs. Goddard's counsel. The estate has sufficient funds to satisfy the grandchildren's entitlement to the lease proceeds and the executrix will convey the Haynes' Place to them. Accordingly, the grandchildren are not affected by the allowance of attorney's fee and lack standing to challenge it.

We conclude:

(1) The funds remaining in the estate are not identifiable as proceeds from the sale of timber and pass under the residuary clause;

(2) Mildred S. Goddard, as Executrix of the Estate of Carrie Lou Senn, shall convey the Haynes' Place to the grandchildren, after they pay her the executrix fee based on the appraised value of the land;

(3) All funds received from leasing or renting the Haynes' Place shall be paid to the grandchildren;

(4) The lower court's award of attorney's fee for Mrs. Goddard's attorney cannot be attacked by the grandchildren.

Affirmed in part, reversed in part.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.