In the Matter of the ESTATE of Cecil T. MORGAN, also known as Cecil Thomas Morgan, Deceased.

Ralph TRIPP, Gerald Tripp, and Urban Tripp, Appellants (Objectors below),

v.

William W. SMITH, Executor of the Estate of Cecil T. Morgan, also known as Cecil Thomas Morgan, and Grace E. Strey, Appellees (Petitioners below).

No. 4720.

Supreme Court of Wyoming.

Aug. 31, 1977.

Tom C. Toner, of Redle, Yonkee & Arney, Sheridan, for appellants.

Daniel J. Morgan and Wade Brorby, of Morgan & Brorby, Gillette, for appellee William W. Smith.

Thomas E. Lubnau, Gillette, for appellee Grace E. Strey.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS, and ROSE, JJ.

GUTHRIE, Chief Justice.

Appellants Ralph, Gerald and Urban Tripp, residuary legatees, filed an objection in district court to the petition of the executor insofar as it requested authorization to sell certain real property and oil, gas and mineral interests directed to be converted into cash under the language of the residuary clause in the testator's will. They elected instead to take the property in kind rather than the proceeds to be derived from the sale. The district court denied appel-

lants' objections to the petition and ordered the executor to proceed with the sale, which was followed by a formal order authorizing the executor to take such action. It is from these two orders that this appeal is pursued.

The principal question is whether the appellants could properly elect to take the real property and accompanying mineral interests in kind, rather than the proceeds of their sale. We will answer this question in the affirmative and reverse the district court.

The testator, Cecil T. Morgan, died November 13, 1975, in Campbell County, Wyoming. His will, which was admitted to probate on December 17, 1975, appointed appellee William W. Smith as executor. After providing for payment of debts and funeral expenses and devising a house and lot to a nephew, the testator made the following disposition of the remainder of his estate:

"THIRD, All the rest, residue and remainder of my property *shall be converted to cash*, and I hereby make the following specific bequests from the same:

"A. I give and bequeath to my brother, Leslie C. Morgan, the sum of $1.00.

"B. I give and bequeath to my sister, Grace E. Strey, the sum of $1.00.

"C. I give and bequeath to my sister, Ruth A. Scott, the sum of $1.00.

"D. I give and bequeath to my nephew, Robert T. Gish, the sum of $5,000.

"If any of the devisees above-named in this paragraph numbered Third shall not be living at the time of my demise, said devise shall lapse and become a part of my residuary estate.

"All of the rest, residue and remainder of my estate, I give, devise and bequeath to my cousin's sons, in Cahler, Iowa, namely, Ralph Tripp, Gerald Tripp and Uban [sic] Tripp, equally to share and share alike, and if any of them be deceased at the time of my death, to the one or those living at the time of my death." (Emphasis supplied.)

There is the following property in this estate for distribution: The deceased's 6,200 acre ranch, along with the oil, gas and mineral interests therein valued at $409,011.40, and the personal property, including cash assets valued at $160,766.30.

The executor filed a petition on January 26, 1976, requesting, inter alia, formal authorization to sell the real and personal property of the estate. The petition stated that the property should be sold in accordance with the will of the decedent; otherwise, the property would pass by distribution to a number of beneficiaries resulting in multiple ownership, contrary to their best interests as well as the estate's. The district court subsequently entered an order to show cause why the property described in the petition should not be sold, whereupon the appellants filed a formal objection requesting the court to deny the petition for sale of the ranch and mineral interests. The appellants expressly elected to take the properties in kind, arguing that such an election deprived the executor of any power of sale. On March 2, 1976, appellee Grace E. Strey, sister of the decedent and residuary legatee under the will, filed a demand for compliance with the will, requesting that the property be sold. There were no objections by any interested parties to the sale of the personal property which was sold on March 10, 1976, as authorized by order of the district court.

The matter was considered at a hearing held March 2, 1976, wherein it was established that the appellants are brothers who have been partners in a farming business in Iowa for nearly fifteen years. They were interested in using the ranch for agricultural purposes. Each of the Tripp brothers agreed in open court that if the district court set the real property over to them, they would guarantee the payment of all debts, taxes, cash bequests and expenses of administration in excess of the amount derived by the estate from proceeds of the sale of personal property. They offered to deposit with the executor on the day of the hearing a check in an amount necessary to cover the excess. Ralph Tripp testified that the appellants had sufficient assets and money to make the payment.

Grace Strey, who received one dollar under the residuary clause of the will, insisted on strict compliance with its terms. She also indicated a desire to purchase the ranch and had made arrangements to pay more than its appraised value should it be sold at a public auction. The appellants tendered one dollar to Mrs. Strey at the hearing in satisfaction of her interest under the will.

The district court entered an order on July 20, 1976, denying the appellants' objection to the petition and ordering the executor to proceed with the sale of the real property. The executor was subsequently granted authorization to sell said property by an order entered July 22, 1976. The trial court based this order of sale solely upon the provision in the will to convert the property to cash and for distribution to these appellants, and found that the court could not change these terms even to do equity. There is no finding that would be for the benefit of the estate or those interested therein, which is obviously not the case.

On appeal the appellants contend that their election effected a reconversion of the real property which would pass under the residuary clause to them, and that there was a unanimity of consent of all those persons who had a beneficial interest therein. Appellees [1] rest their position upon two grounds, i.e., that the attempted reconversion is void because it is contrary to the expressed intent of the testator, and that because Grace Strey did not consent to the reconversion and would be injured by it that it was therefore improper.

Appellees quite properly suggest that the doctrine of equitable conversion has never been recognized in this state and that this court has never adopted or employed the doctrine of equitable reconversion. However, there is no serious disagreement between the parties that the effect of the command of the will to sell the property herein and to distribute the proceeds to the named beneficiaries worked a so-called equitable conversion, so any discussion of the nature and operation of that doctrine is not necessary or productive.[2]

There is, however, a concomitant to the foregoing doctrine and that is the one of equitable reconversion by virtue of which if certain conditions are satisfied the so-called equitable conversion is set aside and the property constructively covered by such doctrine is restored, in contemplation of equity, to its original quality, *Seagle v. Harris*, 214 N.C. 339, 199 S.E. 271, 273; 4 Pomeroy's Equitable Jurisprudence, § 1175, p. 508 (1941).

The doctrine of equitable reconversion has been long recognized and widely applied, 4 Pomeroy's Equitable Jurisprudence, supra. See extensive annotation in 130 A.L.R. 1379, 1383–1388. It is aptly described in many jurisdictions as "well settled," *Mitchell v. Bogue*, 142 Fla. 787, 196 So. 306, 311–312; *Hogan v. Taylor*, 64 R.I. 471, 13 A.2d 262, 265; and no cogent reason has been suggested why this doctrine should not be given recognition and application in this jurisdiction. Numerous authorities may be cited, but a clear, concise and understandable statement of the application of this doctrine appears in *McDonald v. O'Hara*, 144 N.Y. 566, 39 N.E. 642, 643:

 " * * * It is, however, well settled that the persons who are exclusively entitled to the fund arising from the sale may, if they so elect prior to the actual sale, take the real estate in its unconverted form. [Citations] * * *."

This case was followed in *In re Fischel's Estate*, Surr.Ct., 137 N.Y.S.2d 243, 245, affirmed 286 App.Div. 1083, 147 N.Y.S.2d 668.

1. Appellees are William W. Smith, as executor of said estate, and Grace E. Strey, a sister and nominal legatee under the will, who filed a joint brief. We assume the executor wished to properly perform his duties under the direction and instruction of the court. The question raised, however, appears to affect only Grace E. Strey.

2. For general statements of the nature and operation of that doctrine see *Harrison v. Prentice*, 183 Md. 474, 38 A.2d 101, 104; *Kuiken v. Simonds*, 3 N.J. 480, 70 A.2d 740, 743; *In re Warner's Estate*, 209 Iowa 948, 229 N.W. 241, 243; 4 Pomeroy's Equitable Jurisprudence, § 1162, p. 484 (1941); 27 Am.Jur.2d, Equitable Conversion, § 1, p. 483.

■ The factual situation herein demonstrates a compelling reason for its adoption. Stripped of a great deal of extraneous statements and argument, it may be summarily stated that appellee Grace E. Strey seeks through the judicial process to require the executor of this estate under the order of the probate court to perform a meaningless charade, beneficial to no one, and demonstrably damaging to the appellants herein as sole residuary legatees of this estate, who are entitled to have and receive all proceeds of the sale of the real estate which is the subject of this controversy. She does not argue that the one-dollar nominal legacy, left to her in the will, will create any benefit to her if such sale is conducted, but rather asserts she has a right to use her funds to purchase the family lands and asserts she will be substantially injured if equitable reconversion were applied without her consent. It is our view that the testator herein has made his intention clear that she should not benefit from his estate by such nominal bequest, which has limited and terminated her entire interest in this estate, and when she was tendered or paid her legacy all her interest or right under the will ceased, *Hoopeston Public Library v. Eaton*, 283 Ill. 449, 119 N.E. 647, 649.

The case of *Taylor v. Goddard*, 265 S.C. 327, 218 S.E.2d 246, 249, contains a statement completely applicable to the facts herein:

" * * * A public sale would accomplish nothing. By virtue of being able to claim the entire proceeds, the appellants could outbid everyone else. The general rule is: '[p]arties to whom the proceeds of the sale of land are bequeathed may elect to take the land by some unequivocal act or declaration, in which case there is a reconversion, but it is essential to such reconversion that all the beneficiaries join therein.' [Citations] * * *."

■ To defeat the application of this doctrine appellee Strey makes dependence upon the proposition that there is no unanimity of beneficiaries. She must, of necessity, rest her claim upon that of a noncon-senting beneficiary by virtue of the previously cited authority. In apparent recognition of the obvious, this appellee makes no claim in her brief, argument, or the Demand for Compliance of Will that she has any beneficial interest or right in or to the proceeds of this sale. She rests her claim of damage upon an asserted right to bid upon this real property as a family ranch. This writer is not familiar with any such recognized legal right, nor does appellee cite any authority in support of this proposition, so we will presume none was found, *Nation v. State ex rel. Fire Fighters Local 279, I.A. F.F.*, Wyo., 518 P.2d 931, 933, and authorities therein cited. We shall not, then, discuss this proposition, *Alcala v. State*, Wyo., 487 P.2d 448, 456, certiorari denied 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 456.

Absent any claimed beneficial interest or legally recognized basis of damage, we must find that the appellants herein have properly exercised their election and are entitled to have and to receive the real property remaining in said estate.

■ Appellees' further contention and that which was the basis of the trial court's decision, that it was necessary to make this sale to carry out the intention of the testator, has little real substance when the facts of this case are considered. The testator by his will clearly demonstrated his desire that these appellants, Ralph, Gerald and Urban Tripp, must have and receive all benefits or proceeds arising from the sale of this property with no rights in the appellee Strey or any other persons. The command to convert these properties is only a prescribed method of carrying out the basic intent of the testator, and it would be absurd to believe it was the intent of the testator that these benefits be reduced and they be harmed by virtue of a strict compliance with this method of liquidation, which would reduce and diminish their bounty. The effect of an equitable reconversion is to place in them all such benefits or the value thereof, which is clearly consonant with this intention. To rule otherwise is to reduce and not to enhance the benefits which are intended for them by incurring costs and

expenses of any such sale and possible increases of fees and tax liabilities. It is hard to justify any statement that the intention of the testator was to thus reduce these benefits, which would be the effect of the order of sale herein. The command to convert these lands into cash is for the benefit of those to whom the proceeds are to be distributed, *Mitchell v. Bogue, supra,* 196 So. at 312; *In re Warner's Estate, supra.* We must refuse to enforce this command when it was obviously not beneficial to the Tripps. Even though there is a direction to sell the lands and distribute the proceeds, upon election and prior to the sale, the power to sell is extinguished because such provisions are for the benefit of those entitled to the proceeds and are not intended to be imperative, *Trask v. Sturges,* 170 N.Y. 482, 63 N.E. 534, 538–539; *Mandlebaum v. McDonell,* 29 Mich. 78, 90; 27 Am.Jur.2d, Equitable Conversion, § 17, p. 500, n. 20; 4 Pomeroy's Equitable Jurisprudence, § 1176, p. 509, n. 15.

For the foregoing reasons the order of sale entered by the district court is reversed and set aside with directions to recognize the election of the appellants, and that proper proceedings herein be taken to set the real property and minerals over to these appellants.

Reversed with directions.