119 So.2d 426 (1960)
J.F. CONWAY, Individually, and J.F. Conway, Doing Business As Conway Trucking Company, Appellants,
v.
William D. SPENCE, Appellee.
No. 59-722.
District Court of Appeal of Florida. Third District.
March 31, 1960.
Rehearing Denied April 28, 1960.
Edward M. Stein and Morehead, Forrest, Gotthardt & Greenberg, Miami, for appellants.
Blackwell, Walker & Gray, and Robert G. Young, Miami, for appellee.
CARROLL, CHAS., Judge.
This is an interlocutory appeal in a common law action from an order rejecting the defendants' challenge of jurisdiction over them.[1]
The defendants were non-residents. The complaint was one for damages for personal *427 injuries received in an automobile accident, for which substituted service on the non-resident defendants was allowed.[2]
The appellants, who were the defendants below, raise two points. They contend that service was not effected under the statute, asserting that two requirements were not met. First, that the provision for them to be given notice of service on the Florida Secretary of State was not complied with. Second, that summons served on the Secretary of State was not returned as and within the time provided for in the statute.
The record discloses that the alias summons relied upon was issued December 31, 1951; and plaintiff's counsel mailed the summons to the Secretary of State. On January 2, 1952, plaintiff's counsel forwarded to the defendants in Atlanta, Georgia, copies of the amended complaint and of the summons which had been issued. At that time the summons had not been served. Service of the summons was effected the following day, January 3, 1952, when the Secretary of State accepted service.[3]
Under the applicable rule compelling strict construction of, and substantial compliance with the statute for substituted service on non-residents, as such statute is in derogation of common law rights, the required substantial compliance leaves no room for dispensing with the directive provisions which are set out in the statute as the steps necessary to be taken to perfect service. State ex rel. Palmer v. Gray, 92 Fla. 1123, 111 So. 242; Cherry v. Heffernan, 132 Fla. 386, 182 So. 427; McGee v. McGee, 156 Fla. 346, 22 So.2d 788; Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870, 875; Napoleon B. Broward Drain. Dist. v. Certain Lands, etc., 160 Fla. 120, 33 So.2d 716; Gallant v. McKinney, D.C.S.D.Fla. 1952, 104 F. Supp. 277; 72 C.J.S. Process § 43; 3 Fla.Jur., Automobiles, etc. § 98; 25 Fla.Jur., Process, § 23.
We must reject the appellee's contention that mailing a copy of the complaint and of the summons to the non-resident defendants amounted to giving them "notice of such service." The notice which the statute requires, is one which will impart to the non-resident defendant the information that service of such process has been made on the Florida Secretary of State. In the absence of the required notice to them, the defendants were left with no certainty as to when they should answer to avoid a default, or, for that matter, as to whether any service of that summons was made or would be made on the Secretary of State. Therefore, we must uphold appellants' contention that the forwarding to them, as non-residents, of copies of the summons before it was served on the Secretary of State, with no notice as to the fact of service, was not a substantial compliance with the statutory requirement for "notice of such service" of process on the Secretary of State. Cherry v. Heffernan, supra, 132 Fla. 386, 182 So. 427; Bond v. Golden, 10 Cir.1959, 273 F.2d 265; State ex rel. Stevens v. Grimm, 192 Wis. 601, 213 *428 N.W. 475. See Dusminski v. Ladenheim, D.C.E.D.N.Y. 1942, 43 F. Supp. 139; Bucholz v. Hutton, D.C.Mont. 1957, 153 F. Supp. 62, 66-67; Alopari v. O'Leary, E.D.Pa. 1957, 154 F. Supp. 78; Brenner v. Margolies, D.C.Mun.App. 1953, 102 A.2d 300; 61 C.J.S. Motor Vehicles § 502e(2).
We hold, therefore, for the reason stated,[4] the order denying the defendants' motion to dismiss for want of jurisdiction is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] Rule 4.2, subd. a of the Florida Appellate Rules, 31 F.S.A. allows appeals in common law actions from interlocutory orders dealing with venue or jurisdiction over the person.
[2] Section 47.30, Fla. Stat. 1951, F.S.A. in pertinent part provided:

"Service of such process shall be made by leaving a copy of the process with a fee of two dollars in the hands of the secretary of state, or in his office, and such service shall be sufficient service upon a defendant who has appointed the secretary of state as his agent for the service of such process; provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant, and the defendant's return receipt and the affidavit of the plaintiff, or his attorney, of compliance herewith are filed with the papers in the case on or before the return day of the process or within such further time as the court may allow, * * *"
[3] For reasons not necessary to explain here, but which were not such as to be the blame or fault of counsel for the plaintiff, progress of the cause was unduly delayed. Motion to dismiss for want of jurisdiction over the person was filed by defendants on April 24, 1959, and denied by the order appealed from on October 9, 1959.
[4] Because our holding on the first point requires reversal on the ground that substituted service was not perfected, we pretermit consideration and determination of the second point raised.