159 So.2d 255 (1963)
GREEN MANOR CONSTRUCTION CO., Inc., a Connecticut corporation qualified to transact business in Florida, Appellant,
v.
PUNTA GORDA READY MIXED CONCRETE, INC., a Florida corporation, Appellee.
No. 3866.
District Court of Appeal of Florida. Second District.
December 20, 1963.
Rehearing Denied January 17, 1964.
*256 Julius I. Friedman, Miami, for appellant.
Leo Wotitzky, of Wotitzky, Wotitzky & Conrad, Punta Gorda, for appellee.
WHITE, Judge.
The defendant below, a Connecticut corporation, appeals a final default judgment against it in favor of the plaintiff-appellee. The first question to be determined is whether or not jurisdiction over the defendant was obtained by substituted service of process on the Secretary of State under Fla. Stat. §§ 47.16 and 47.30, F.S.A., the requirements of which sections must be substantially followed. See e.g. Conway v. Spence, Fla.App. 1960, 119 So.2d 426; Jenkins v. Fawcett Publications, Inc., 1962, D.C., 204 F. Supp. 361; cf. Lendsay v. Cotton, Fla.App. 1960, 123 So.2d 745, 746.
The protested judgment was entered December 13, 1962 and contains the following:
"The Court finds that service was secured on this defendant on November *257 7, 1962, that the defendant has not answered or otherwise pleaded within the time provided by law and by the rules governing this Court; that the plaintiff has filed herein a sworn statement of account and has shown the Court that there are no credits or offsets against same."
The plaintiff's motion for default and final judgment was presented to the trial court and granted on December 12, 1962, but the papers were not formally recorded in the clerk's office until the next day, December 13, 1962. The motion recited that: (1) The plaintiff on October 10, 1962 secured service on one Herbert Greer as agent of defendant, and on October 26, 1962 defendant appeared specially by motion to dismiss asserting that Greer was not its agent; (2) Plaintiff then secured service by alias summons through the office of the Secretary of State pursuant to Fla. Stat. §§ 47.16 and 47.30, F.S.A.; (3) Defendant has not answered or otherwise pleaded and the issue raised by the motion to dismiss filed October 26, 1962 is now moot because valid service was subsequently had on the Secretary of State; (4) Plaintiff filed its affidavit under oath showing that defendant is indebted to plaintiff in the sum of $7,623.30 and that no part of said sum has been paid and there are no offsets or credits; and (5) Plaintiff is entitled to default and final judgment against said defendant.
Following entry of judgment on the foregoing motion the defendant changed counsel. On January 16, 1963 the defendant moved to vacate the judgment and tendered an answer, but the defendant filed notice of appeal on February 11, 1963 with no action having been taken on its motion to vacate. In these circumstances the trial court properly held itself without jurisdiction to rule on the motion.
On appeal the defendant urges for the first time that the service of process on the Secretary of State was faulty. It is first asserted that a requirement of controlling Fla. Stat. § 47.30, F.S.A.[1] was not met in that the affidavit of compliance was not filed prior to the return date of the process. The affidavit was, however, filed "within such further time as the court may allow" and before default was entered. The trial court acknowledged that the affidavit of compliance was subscribed and sworn to before him on December 12, 1962. There was substantial compliance on this aspect of the service.
It is further urged that the statute was not followed in that the notice of service and copy of process were not mailed to the defendant until five days after service on the Secretary of State. This contention also is without merit. We can not agree that the word "forthwith" as used in this statute means "at the same time" or "within twenty-four hours after service of process on the Secretary of State" as argued by the defendant. In Conway v. Spence, Fla.App. 1960, 119 So.2d 426, 427, the court said:
"* * * The notice which the statute requires, is one which will impart to the non-resident defendant the information that service of such process has been made on the Florida Secretary of State. * * * Therefore, we must uphold appellants' contention that the forwarding to them, as non-residents, of copies of the summons before *258 it was served on the Secretary of State, with no notice as to the fact of service, was not a substantial compliance with the statutory requirement for `notice of such service' of process on the Secretary of State." (Emphasis supplied.)
In the case just quoted plaintiff mailed the summons to the Secretary of State and mailed copies to the defendant two days later, but the Secretary of State did not accept service until the following day or three days after mailing by the plaintiff to the defendant. As observed in Florida Civil Practice Before Trial published by the Florida Bar Committee On Continuing Legal Education, 1963, § 14.7, at page 394, "[p]roof of the service of process on the Secretary of State is accomplished upon filing in the court file an acknowledgment form which the Secretary of State returns to the plaintiff's attorney." Proof of service on the Secretary of State is a necessary part of the notice to the defendant.
It is apparent that the instant plaintiff could not have complied with the requirement of mailing proof of fact of service to the defendant until after plaintiff received a return letter of notification that the Secretary of State had accepted service. Such letter was mailed in Tallahassee on Thursday, November 8, 1962 and it was received by the plaintiff and was recorded in the office of the Clerk of the Circuit Court on Monday, November 12, 1962. A copy was then made and attached to the copies to be mailed to the defendant, and it was received by the defendant on November 14, 1962. The affidavit of compliance was, as previously noted, filed within the further time allowed by the court. Incidentally, the default was taken some 35 days after the summons was served on the Secretary of State and 28 days after the defendant actually received the process.
The defendant next contends that the summons was served on the Secretary of State before it was issued. The alias summons discloses on its face that it was issued November 7, 1962, as attested by a deputy clerk. Service was accepted by the Secretary of State and, at the risk of tiresome repetition, we note again that notice of such acceptance was mailed by the Secretary of State to the plaintiff on Thursday, November 8, 1962 and was recorded on Monday, November 12, 1962.[2] It cannot be assumed that the summons was served before it was issued. Where a return of service of summons is regular on its face, the court may assume that jurisdiction over the defendant has been obtained. Klosenski v. Flaherty, Fla. 1960, 116 So.2d 767, 82 A.L.R.2d 664.
Having concluded that on the second service of process the trial court acquired jurisdiction of the defendant, we come to the question of whether or not entry of the default and final judgment was justified. At the time of the entry of judgment there was on file, as already indicated, a special defensive motion which had not been heard or set down for hearing. The motion was directed to the first attempted service of process. It is argued that notwithstanding the motion conceivably might have become moot in the light of subsequent proceedings and court action, the defendant nevertheless did have pending a pleading which, being undisposed of, was sufficient to preclude a default. On this point we agree with the defendant. The first attempted service was not adjudged invalid, and we think it was improper and prejudicial to enter default consequent upon the second service without first duly disposing of the motion in question.
The conclusion is that the trial court acquired jurisdiction by means of the second attempted service of process but that, in view of the record, the default was improvidently entered. Accordingly the judgment is reversed and the cause remanded *259 for proceedings agreeable with this opinion.
Affirmed in part and reversed in part.
ALLEN, Acting C.J., and BARKDULL, THOMAS H., Jr., Associate Judge, concur.
NOTES
[1] Section 47.30 F.S.A. "Service of such process shall be made by the plaintiff * * * by either leaving a copy of the process with a fee of two dollars in the hands of the secretary of state, * * * or by mailing a copy of such process with a fee of two dollars to the secretary of state * * * provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff * * * to the defendant, and the defendant's return receipt and the affidavit of the plaintiff * * * of compliance herewith are filed with the papers in the case on or before the return day of the process or within such further time as the court may allow * * *." (Emphasis added.)
[2] Rule 1.4(d), Florida Rules of Civil Procedure, 30 F.S.A.