**BOMANN GOLF, INC., Plaintiff,**

v.

**COSMOS INDUSTRIES, INC., et al., Defendants.**

**Civ-CA No. 71–191.**

United States District Court, S. D. Florida, Miami Division.

April 26, 1971.

2. See Barth v. Goodrich Time Co., 265 Cal.App.2d 228, 71 Cal.Rptr. 306 (1968).

Paul & Thomson, Miami, Fla., and Burton A. Schwalb, of Arent, Fox, Kinter, Plotkin & Kahn, Washington, D.C., for plaintiff.

Milledge & Horn, Miami, Fla., for defendants.

## ORDER DENYING RENEWED MOTION TO DISMISS

ATKINS, District Judge.

This cause is before the Court on the Defendant's Renewed Motion to Dismiss. The motion is being brought on after several days of testimony have been heard by the Court on plaintiff's Motion for Preliminary Injunction. In opposition to the Motion, plaintiff strenuously argues that defendants have waived their right to present the grounds contained in the motion by failing to bring them on at the hearing February 22, 1971 or at some time prior to the court's oral granting of the Motion for Preliminary Injunction. The Court finds that the defendants are entitled to assert the motion regarding service.

Service was obtained pursuant to Florida Statutes, Sections 48.161 and 48.181, F.S.A., by service upon the Florida Secretary of State. On the same day that plaintiff's counsel mailed the process to the Secretary of State, he mailed notice of service together with copies of the summons, complaint and other documents to defendants. Defendants allege that this is a violation of Section 48.161 citing Conway v. Spence, 119 So.2d 426 (3rd D.C.A.Fla.1960), Green Manor Const. Co. v. Punta Gorda Ready Mixed Concrete, 159 So.2d 255 (2d D.C.A.Fla.1964), and the Florida Bar Continuing Legal Education Practice Manual, Florida Civil Practice Before Trial, § 14.7.

Under the authorities cited it is necessary for plaintiff's counsel to await the return from the Secretary of State so that when notice is sent to the defendant it will be notice of the fact of service. Defendants assert that these cases hold that service is not complete until notice of the fact of service is mailed to defendant. However, these authorities are based upon the former Statute, Section 47.30. This Section has been deleted and superceded by Section 48.-161.

Section 47.30 made service on the Secretary of State sufficient service *provided* that notice of *such* service and a copy of the process are forthwith sent to defendant (emphasis added). In adopting Section 48.161 the Florida Legislature made two slight but very important changes in the language of the "method of service upon nonresident" Statute. First, the word "provided" was deleted and the notice of service provision was put in a separate sentence from that providing for service on the Secretary of State. Second, the word "such" was deleted from the notice of service provision.

The Court is compelled to infer that the Legislature intended that the import of Section 47.30 be changed. Deleting the word "provided" coupled with the separate provision for service indicates that service is intended to be effective upon service of process on the Secretary of State and that notice of service is a separate requirement. The *Conway* case dealt with the need for the defendant to have notice of the fact of service and therefore conditioned service itself upon notice. This is no longer necessary under Section 48.161. Notice is a separate requirement dealing only with an assurance of procedural due process. The import of the word "shall" is that if notice is not given defendant shall not be prejudiced thereby. Thus service is effective without notice of service to defendant.

The deletion of the word "such" adds emphasis to this interpretation. "Such service", under Section 47.30, meant that notice of the fact of service as provided in the prior clause needed to be given. Section 48.161 requires only that notice be given of service upon the Secretary of State pursuant to Section 48.161. As evidenced by the attachments to plaintiff's Supplemental Memorandum filed April 16, 1971 this form of notice was given.

The interpretation this Court has placed on Section 48.161 is admittedly without the benefit of any Florida court decisions or legislative history and it does impose upon the defendant the dangers that concerned the Court in the *Conway* case. However, the defendants are not without their remedies to prevent any prejudice caused by a denial of procedural due process.

The Court has balanced the command strictly to construe all statutes in derogation of common law, *Conway, supra* 119 So.2d at 427, with the policy of the courts to construe liberally longarm statutes, Phillips v. Hooker Chemical Corp., 375 F.2d 189 (5 Cir. 1967) in finding the legislative intent behind the changes in Section 48.161.

There is no need to discuss the other portions of the Motion to Dismiss. It is therefore,

Ordered and adjudged that defendant's Renewed Motion to Dismiss be and the same is hereby denied in its entirety.