251 So.2d 342 (1971)
PARISH MORTGAGE CORPORATION, a Louisiana Corporation, Appellant,
v.
Lowry W. DAVIS and Guion T. De Loach, Appellees.
No. 70-1282.
District Court of Appeal of Florida, Third District.
June 22, 1971.
Rehearing Denied August 31, 1971.
Ehrich & Zuckerman, Miami, for appellant.
Lowry W. Davis and Guion T. De Loach, in pro. per.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
Parish Mortgage Corporation, a Louisiana corporation, one of the defendants below, filed this appeal from an order denying its motion to set aside a judgment entered on default. The action was brought by the appellees, lawyers, to recover from the appellant certain attorney fees. One claim was for a liquidated amount of fees alleged to have been provided for by contract for plaintiffs' services in foreclosing a mortgage on a barge, or, without foreclosure, in obtaining title and transfer of the barge to the mortgagee Parish Mortgage Corporation. It was alleged title to the barge was thus obtained for the corporation from the mortgagor without foreclosure, and that the stipulated fee therefor was $17,067.50. The complaint presented an additional claim for a fee or commission, in an unliquidated amount, for the reasonable value of the services of plaintiffs in finding a purchaser of the barge after its acquisition by the corporation. By an amendment to the complaint it was alleged that the defendant was a non-resident corporation which had not qualified to do business in the State of Florida, but had *343 been and was doing business within this state, and stating that substituted service was to be obtained on the corporation.
The method employed for obtaining service was that provided for by § 48.161 Fla. Stat., F.S.A. Service of a summons was made on the Secretary of State on August 11, 1970. The return day fixed in the summons was twenty days after the date of service thereof, or August 31, 1970. The statute requires that the copy of the process shall be mailed "forthwith" to the defendant by registered or certified mail by the plaintiff or his attorney, who shall file an affidavit certifying compliance therewith "on or before the return day of the process or within such time as the court allows." Those requirements of the statute as to mailing notice to the defendant "forthwith" and timely filing of the affidavit were not complied with. No notice of the service of the summons on the Secretary of State was mailed to the defendant until September 17, 1970, which was 37 days after the service on the Secretary of State, and 17 days after the return date fixed in the process. On September 18, 1970, one of the plaintiffs filed an affidavit showing the mailing of such notice to the defendant on September 17, 1970.
On September 18, 1970, plaintiffs moved the clerk of the court to enter a default "for failure [of the defendant] to serve or file answer or other pleading as required by law." The requested default was not entered by the clerk. Thereafter on September 29, 1970, the plaintiffs moved the court to enter default, and the court entered default against the Louisiana defendant on that date. On October 7, 1970, the plaintiffs filed a motion for final judgment, supported by an affidavit of claim revealing a balance of $11,667.26 due on the fee claimed for regaining title to the barge, and $5,000 due for services on sale of the barge. On said date the court entered final judgment against the defendant Parish Mortgage Corporation, in favor of the plaintiffs, for the said sum of $11,667.26 "for services in recovering the Barge BT-1793 and having same transferred into the name of the defendant corporation," and for $5,000 "for services in conjunction with the sale" of said barge. Issuance of execution was authorized.
On November 19, 1970, the defendant corporation filed a motion to set aside the judgment for want of jurisdiction, based on lack of service; and for relief from the judgment under Rule 1.540 FRCP, 31 F.S.A., and asserting as an additional ground for setting aside the judgment that it had been entered in part for unliquidated damages, based on a default, without notice to the defendant and opportunity to be present and defend on the trial on damages. Following hearing thereon the defendant's motion was denied on December 22, 1970, and the defendant appealed.
It appears from that order the trial court was of the opinion that the judgment was not subject to challenge by the defendant on the ground of lack of jurisdiction for failure of service, more than 60 days after the defendant had received the belated notice of service of the summons on the Secretary of State. In so concluding, the trial court was in error. No extended discussion of this matter appears necessary. Clearly there was an absence of substantial compliance with the requirements of the statute relating to the substituted service. In point is Paradis v. Cicero, Fla.App. 1964, 167 So.2d 248, where the court held to be invalid an attempted service of this kind where the requirement for mailing a copy of the summons to the defendant "forthwith" was not complied with and the notice thereof was not mailed to the defendant until 34 days after the service on the official. See also Conway v. Spence, Fla.App. 1960, 119 So.2d 426.
The defect in the service appeared on the record. In the absence of service the court was without jurisdiction over the defendant corporation. State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 652. The judgment was void and subject to attack by the defendant at any time. *344 State ex rel. Coleman v. Williams, 147 Fla. 514, 3 So.2d 152. The attack on the judgment here was direct. Moreover, it would appear the defendant was entitled to relief from the judgment under Rule 1.540 FRCP, motion for which was timely filed, because the failure to give notice of the purported service until after the time fixed for pleading had expired necessarily created confusion and uncertainty as to the time in which the defendant could be considered required or entitled to plead. See Conway v. Spence, supra. Also, a defendant who has not been served, especially where the failure of service appears on the record, is under no obligation to defend the cause until such time as service is made.
For the reasons stated the order of the trial court denying the defendant's motion to set aside the judgment is reversed, and the cause remanded with direction that the judgment and default be set aside and the service be quashed, without prejudice to the plaintiffs to proceed to obtain service on the said defendant as and in the manner provided therefor by law.
Reversed and remanded with direction.