GUNTHER, Judge.
We reverse the trial court’s order denying Ted Arison’s motion to quash service of process.
In the case at bar, appellee utilized substituted service to effectuate service on Arison pursuant to section 48.161, Florida Statutes (1991). Section 48.161 requires that notice of service on the secretary of state be sent to the nonresident defendant “forthwith.” In Parish Mortgage Corp. v. Davis, 251 So.2d 342 (Fla. 3d DCA), cert. denied, 254 So.2d 789 (Fla.1971), the third district found that a delay of thirty-seven days was not “forthwith.” Here, the notice was sent sixty-eight days after the secretary of state accepted service. The appellees do not dispute that they failed to comply'with the statutory time limits. However, they argue that the trial court had the authority to excuse their noncompliance because the appellant faded to demonstrate that he was prejudiced by the delay. They offer no legal support for this argument and we can find none. Where the plaintiff has failed to comply with the notice requirements of the statute, service must be quashed. Sierra Holding, Inc. v. Sharp Elecs. Corp., 471 So.2d 196, 197 (Fla. 4th DCA 1985).
Accordingly, we agree with Arison’s contention that the order must be reversed because appellee failed to comply with the strict requirements of section 48.161, Florida Statutes (Supp.1990), when he failed to mail the notice of service and a copy of the process to the appellant “forthwith,” but waited 68 days after service on the secretary of state to do so.
REVERSED.
POLEN and KLEIN, JJ., concur.