COPE, Judge.
Appellant John Green Corporation appeals a non-final order denying its motion to quash service of process.* We reverse.
The plaintiffs-appellees sought to serve process on defendant John Green Corporation, a nonresident, by serving the Secretary of State pursuant to section 48.161, Florida Statutes (1991). On November 5, 1992 the Secretary of State accepted process. Once that step was accomplished, the statute provides (insofar as pertinent here):
Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant’s return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows....
Id. § 48.161(1).
In the present case approximately two months elapsed before the plaintiffs sent notice of service and a copy of the process to the defendant. Another four months expired before the filing of the return receipt and affidavit of the plaintiffs.
This court held in Parish Mortgage Corp. v. Davis, 251 So.2d 342 (Fla. 3d DCA), cert, denied, 254 So.2d 789 (Fla.1971), that a delay of 37 days in mailing notice of service and a copy of the process is excessive and does not comply with the statute. Id. at 343; see also Arison v. Offer, 626 So.2d 1039,1040 (Fla. 4th DCA 1993). See generally Logan v. Mora, 555 So.2d 1267, 1268 (Fla. 3d DCA 1989).
As the time delay involved here exceeds that which occurred in Parish Mortgage Corp., we are obliged to quash service of process. This ruling is, of course, “without prejudice to the plaintiffs to proceed to obtain service on the said defendant as and in the manner provided therefor by law.” 251 So.2d at 344; accord Gloucester Engineering, Inc. v. Mendoza, 489 So.2d 141,142 (Fla. 3d DCA 1986). We need not reach appellant’s alternative argument on appeal.
Reversed and remanded with directions to quash service of process, and for further proceedings consistent herewith.

 Appellant’s motion was a motion to dismiss, inter alia, for insufficiency of service of process. We treat it as a motion to quash service of process.