PER CURIAM.
The defendant in a negligence action appeals from a nonfinal order denying his motion to dismiss for insufficient service of process.
On August 22,1994, plaintiff Paul Coleman served a complaint for damages against James Cornelius Kenriek, a nonresident motor vehicle operator, on the Florida Secretary of State pursuant to sections 48.161 and 48.171, Florida Statutes (1993). However, Coleman did not send Kenriek notice of service of process and a copy of the process, as required by section 48.161, until 150 days after he had served the Secretary of State.
Section 48.161 provides that “[njotice and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant.” This court has held that a delay of two months in sending that notice is excessive, John Green Corp. v. Coello, 635 So.2d 127 (Fla. 3d DCA 1994), and that even a shorter delay — thirty-seven days — is also excessive, and does not comply with the statute. Parish Mortgage Corp. v. Davis, 251 So.2d 342 (Fla. 3d DCA), cert. denied, 254 So.2d 789 (Fla.1971). A delay of 150 days in this ease, therefore, as a matter of law, does not meet the requirements of section 48.161.
As in Coello and Parish Mortgage Corp., however, this ruling is without prejudice “to proceed to obtain service on the said defendant as and in the manner provided therefor by law.” Coello, 635 So.2d at 128; Parish Mortgage Corp., 251 So.2d at 344.
Reversed and remanded with directions to quash service of process, and for further consistent proceedings.