FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Corporation, *Plaintiff in Error,* vs. BERTHA L. HOGAN, *Defendant in Error.*

135 So. 825.

Division A.

Opinion filed June 25, 1931.

Petition for rehearing denied July 29, 1931.

*Lucas & Twoney*, for Plaintiff in Error;
*W. E. Smith*, for Defendant in Error.

BUFORD, C.J.—This was a suit by a surety company on a contract with the defendant whereby defendant agreed to pay the surety company a premium of $20.00 per annum as compensation to the surety company for becoming surety on the guardian's bond of defendant. The bond was executed on the .... day of July, 1914. It is alleged that in the application for bond the defendant agreed to pay the plaintiff:

"Twenty ($20.00) Dollars, upon the execution of the bond, and Twenty ($20.00) Dollars annually thereafter; until the plaintiff should be furnished with satisfactory and conclusive evidence of the termination of its liability under this bond.

That said bond was executed by the said Defendant, as principal, and by the Plaintiff, as surety, and was filed in the office of the County Judge on or about the ....day of July, 1914.

That the said Defendant refused and continues to re-

fuse to pay the agreed premium due and payable upon said bond for the year 1919, and for each and every succeeding year thereafter, up to and including the premium due and payable on the 24th day of July, 1928, though often requested so to do.

And the Plaintiff further alleges that it has not been furnished with satisfactory and conclusive evidence of the termination of its liability under said bond; but that its liability under said bond is still subsisting and valid.''

To the declaration there were certain pleas.

The case is here for review of a judgment in favor of the defendant. The assignments of error are based upon the action of the court in overruling the demurrer to the 5th, 6th and 7th amended pleas, which pleas were as follows:

5. For an amended fifth plea defendant says that after the making of the several promises in the said declaration mentioned and before the commencement of this suit, on to-wit: July 26, 1919, the County Judge of Marion County, Florida, accepted and approved a new bond, and the sureties thereon, given and filed by this defendant as said guardian of the estate of Lucile Hogan, Myrtal Hogan, Howell Hogan, Cecil Hogan and G. D. Hogan, minors, and by his order of that date released and discharged the plaintiff of all liability on account of the bond executed by it as surety for this defendant as guardian for said minors for all and any defaults of this defendant as such guardian occurring after the date of said order.

6. And for an amended sixth plea this defendant says that after the making of the several promises in the said declaration mentioned, and before the commencement of this suit, on to-wit: July 26, 1919, the County Judge of Marion County, Florida, accepted and approved a new bond; and the sureties thereon, given and filed by this defendant as said guardian of the estate of Lucile Hogan, Myrtal Hogan, Howell Hogan, Cecil Hogan and G. D. Hogan, minors, and by his order of that date released and discharged the plaintiff of all liability on account of the bond executed by it as surety for this defendant as guardian for said minors for any and all defaults of this defendant as such guardian occurring after

the date of said order, and afterwards, to-wit: on July 26, 1919, this defendant furnished the plaintiff with satisfactory and conclusive evidence of the termination of its liability under said bond.

7. And for an amended seventh plea this defendant says that after the making of the promises in the said declaration mentioned, and before the commencement of this suit, on to-wit: July 26, 1919, this defendant desired to substitute on her own motion a new bond for the one executed with plaintiff as surety and gave the plaintiff notice of that fact and gave it ample opportunity to file its petition to be released in accordance with the provisions of the statute in such cases made and provided and afterwards to-wit: on July 26, 1919, on the petition of this defendant the County Judge of Marion County, Florida, accepted and approved a new bond, and the sureties thereon, given and filed by this defendant as guardian of the estate of Lucila Hogan, Myrtal Hogan, Howell Hogan, Cecil Hogan and G. D. Hogan, minors, and by his order of that date released and discharged the plaintiff of all liability on account of the bond executed by it as surety for the defendant as guardian of said minors for any and all defaults of this defendant as such guardian occurring after the date of said order and this defendant then and there furnished the plaintiff with satisfactory and conclusive evidence of the termination of its liability under said bond.''

The 5th amended plea was insufficient because it failed to allege that the defendant had complied with the terms of the contract by furnishing the plaintiff with satisfactory and conclusive evidence of the termination of its liability under the bond. The error, however, was harmless because the defendant was entitled to judgment under the proof submitted in support of the amended 6th and 7th pleas.

The question presented is whether or not the County Judge, acting as a judge of probate, when bond shall have been made, executed and delivered to the court in behalf of and as security for the faithful performance of the duties of a guardian duly appointed by the court, may make a

valid order releasing and discharging the surety upon the guardian's bond from any liability on such bond and approve and accept another bond in lieu of the original bond.

It will be observed that the pleadings here show that the order discharging the sureties was made by the County Judge of Marion County on the 26th day of July, 1919; that this suit was filed September 29, 1928. The record shows that the original bond was filed in 1914 some time after July 24th, as application for such bond was made on that date. The undisputed evidence shows that from the date of making and filing of the substitute bond and the date of the order discharging the plaintiff as surety on the defendant's bond that there was no demand made upon defendant for the payment of any premium and that at the institution of this suit the plaintiff claimed eleven premiums, that is premiums for eleven years, during which time it must be assumed that the plaintiff acquiesced in and considered valid the order of the court discharging the plaintiff as surety.

Section 17, Article V of our Constitution provides in part as follows:

"The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate."

Section 3966 R. G. S., 5886 C. G. L., provides as follows:

"The County Judge shall take good security of all guardians appointed by him for the estates of orphans committed to such guardians, and if any County Judge shall fail to take good security for all guardians appointed by him for the estates of orphans committed to such guardians, he shall be individually liable for any loss from insufficient security, which liability may be enforced by an action of debt in any court of competent jurisdiction, if it shall appear that such security was insufficient at the time it was taken."

Section 3968 R. G. S., 5888 C. G. L., provides as follows:

"The county judge shall have power to take cogniz-ance of all matters concerning infants and their estates, to hear and determine complaints of wards against their guardians, to require of guardians security, or additional security, when necessary; to displace them and to make such orders as to the said county judges may seem equit-able and right relating to the estate. They shall require of guardians from time to time inventories of their wards' estates, and accounts of profits and disbursements, and shall make such orders as to them shall seem just, and they may enforce their orders in a summary way by attachment for contempt."

It will be observed, therefore, that the authority for the statute is found in the Constitution and the act here ques-tioned, that is the order made by the County Judge, might have been valid under the provisions of the Constitution without the support of any statutory enactment.

It will be observed that section 3966 R. G. S., 5886 C. G. L., heretofore quoted, not only authorizes but requires the County Judge to take good security of all guardians. This provision of the statute vests in the County Judge the dis-cretion to determine what security the guardian shall give. Therefore, it follows that if a bond given by a guardian as security for the faithful performance of the duty of a guardian is at any time considered by the County Judge to be inadequate or insufficient he may require the guardian to file security satisfactory to the County Judge and, in exercising this power he may discharge the sureties on a former bond and such discharge will relieve such sureties from any liability for the acts of the guardian after the discharge, though it would not relieve the sureties on such bond from liability for the acts of the guardian which oc-curred prior to the discharge. The premiums claimed in this case as admittedly premiums accruing after the dis-charge.

The question as to whether or not the County Judge com-

mitted error in discharging the sureties on one bond and requiring the filing of another bond is a matter which may not be attacked collaterally in this proceeding. The power conferred by statute 3968 R. G. S., 5888 C. G. L., heretofore quoted, specifically authorizes county judges to displace guardians. This necessarily carries with it the authority to discharge sureties of such guardians. But, under the provisions of our Constitution, and without this Statute, the county judge is authorized to make such orders as the one herein complained of because under this provision of the Constitution the county judge exercises general jurisdiction over a particular class of cases and, therefore, the rule enunciated in Burnett et al. vs. Greene, et al. in an opinion prepared by Mr. Justice Ellis, filed at this term of the Court in the following language:

"The orders and decrees of a *court* having jurisdiction of the subject and the parties, however erroneous, being valid, binding and conclusive determinations of the matter in controversy cannot in the absence of fraud be impeached in a collateral proceeding;"

is applicable.

That the above rule applies is supported by the opinion in the case of Simpson vs. Gonzales, 15 Fla. 9; Ritch & Co. et al., vs. Bellamy, 14 Fla. 537.

For the reasons stated, the judgment should be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.