**NAPOLEON B. BROWARD DRAINAGE DISTRICT**, a public corporation, etc., et al., v. **CERTAIN LANDS UPON WHICH** taxes due, et al.

33 So. (2nd) 716                              January Term, 1948
February 6, 1948                              Special Division A
Rehearing denied February 27, 1948

*Davis & Lockhart,* for appellants.

*English, Lester & O'Bryan, Rogers, Morris & Griffis* and *Abbott & Smith,* for appellees.

CHAPMAN, J.:

The Napoleon B. Broward Drainage District was created by Chapter 8871, Laws of Florida, Special Acts of 1921. On May 12, 1947, it filed in the Circuit Court of Broward County, Florida, a suit to foreclose delinquent tax certificates owned by it and then two years or more of age, which had been levied and assessed against certain lands situated within the drainage district, which lands were accurately described and set out in the bill of complaint. This suit was filed and prosecuted to a final decree under the several provisions of Chapter 19134, Laws of Florida, Acts of 1939.

Section 4 of Chapter 19134 supra, under which the foreclosure in the case at bar was prosecuted to a final decree, in part, provides that at least thirty days prior to the filing of such bill in chancery to foreclose in rem public notice of intention to file the same shall be published once in a newspaper published in Broward County, Florida. At least thirty days prior to the filing of any such suit in chancery written notice of intention to file the same shall be sent by registered mail to the last known address of the holder of the record title . . . upon each tract of land to be included in said bill in chancery; such notice shall briefly describe the particular lot or parcel of land, shall state the amount of tax certificate and/or

special assessment liens sought to be enforced and shall warn said owner or holder of liens and mortgages that on or after the day named said bill to enforce the same will be filed, unless paid on or before said date. A certificate of the attorney shall be attached to the bill of complaint to the effect that said written notice has been given and such certificate shall be prima facie evidence that the provisions of the act (Section 4 of Chapter 19134, supra) have been complied with.

Section 4, supra, in part, further provides:

"Jurisdiction of said lands, and of all parties interested therein, have any claim thereto, or lien thereon, in a proceeding in rem shall be obtained by publication of a notice to be issued as of course by the Clerk of the Circuit Court upon the filing of such Bill, once a week for four consecutive weeks, directed to all persons and corporations interested in or having any lien or claim upon any of the lands described in said notice and said Bill. Such notice shall describe briefly each parcel of land involved, and shall require all parties to appear and defend such suit on or before a Rule Day specified in said Notice, which shall not be less than twenty-eight days after the first publication of such notice. . . .

"YOU ARE HEREBY NOTIFIED to appear and make your defenses to said Bill of Complaint on or before the _____ day of _____ A. D. 19___, and if you fail to do so on or before said date the Bill of Complaint will be taken as confessed by you, and you will thereafter be barred from contesting the said suit; said respective parcels of land will be sold by decree of said Court to satisfy the amounts chargeable in favor of said District against said lands, together with interest, penalties, attorneys' fees and costs, and upon such sale you will be thereafter barred and foreclosed from asserting any interest in, claim to, lien upon, or right of redemption against such lands.

"In WITNESS WHEREOF, I have hereunto set my hand affixed the seal of said Court, this _____ day of _____, A. D. 19_____.

Clerk of the Circuit Court."

The above quoted provision of the statute specifically provides that the notice to appear be made returnable to a rule day. It is admitted that the notice to appear in the case at bar as signed and published by the Clerk was made returnable to a day other than a rule day of the Circuit Court of Broward County, Florida, to-wit, June 12, 1947. A final decree based on the above published notice was entered on June 17, 1947. Under this foreclosure decree the Columbia Realty Company became the purchaser at Master's sale of described lands and by petition for a writ of assistance prayed for an order of the Court placing it in possession of said lands. The owner, and tenants holding under him, resisted the order on the ground that the foreclosure decree was void for want of jurisdiction. The Court below held that the order of publication as made in the cause was faulty, irregular, and failed to follow the statute and therefore the Court was without jurisdiction to enter the final decree dated June 17, 1947. The Columbia Realty Company appealed.

In the case of Fisher v. Guidy, 106 Fla. 94, 142 So. 818, we in part said:

"A decree that is shown by the record of the case to be absolutely void because the court did not have jurisdiction of the subject-matter or of the parties, may be collaterally assailed. Goodrich v. Thompson, 96 Fla. 327, 118 So. 60. The judgment of a court having jurisdiction over both subject-matter and parties, cannot be collaterally impeached for mere irregularity or error. The scope of the inquiry upon collateral attack is confined to jurisdictional infirmities which would render the judgment void. Fiehe v. R. E. Householder Co., 98 Fla. 627, 638, 125 So. 2; Fidelity & Deposit Co. v. Hogan, 102 Fla. 196, 135 So. 825; Malone v. Meres, 91 Fla. 709, 109 So. 677 . . . "

Watkins v. Johnson, 139 Fla. 712, 191 So. 2:

"A judgment that is absolutely null and void—a mere brutum fulmen—can be set aside or stricken from the record on motion at any time and may be collaterally assailed. See Kroier v. Kroier, 95 Fla. 865, 116 So. 753 . . . "

It was the view and holding of the court below that the order of publication supra relied upon to give the court juris-

diction of the parties and subject matter was fatally defective and there was not a substantial compliance with Section 4 supra when the plaintiff failed or omitted to make the return day of the order of publication on a rule day. The case of Sharman v. Bayshore Investment Co., 99 Fla. 193. 126 So. 282, involved an order of bublication based upon a statute requiring that the return day in the order be on a rule day, which was not observed, and we held that the publication order was fatally defective and failed to give the court jurisdiction. See Seaboard All-Florida Ry. Co. v. Leavitt, 105 Fla. 600, 141 So. 886; Johnson v. Clark, 145 Fla. 258, 198 So. 842.

It is established law that when substituted or constructive service is substituted in place of or for personal service a strict and substantial compliance with the provisions of said statute must be shown in order to support the judgment or decree based on such substituted or constructive service. Jurisdiction is not to be assumed and exercised on the general ground that the subject matter of the suit is within the power of the court. The inquiry must be as to whether the requisites of the controlling statute have been complied with and such compliance appears of record. The fact that the defendant had actual knowledge of the attempted service can not be relied upon to justify the failure of the plaintiff to strictly observe and substantially comply with a statute authorizing service by publication. West 132 Feet etc., v. City of Orlando, 80 Fla. 229, 91 So. 369; Smetal Corporation v. West Lake Investment Co., 126 Fla. 595, 172 So. 58, 42 Am. Jur. 55, par. 66.

Affirmed.

TERRELL, BUFORD and SEBRING, JJ., concur.