## GALLANT v. McKINNEY.

No. 4260-M-Civil.

United States District Court
S. D. Florida, Miami Division.
April 4, 1952.

Edward Resnick, Miami Beach, Fla., for plaintiff.

Blackwell, Walker & Gray, Miami, Fla., for defendant.

HOLLAND, Chief Judge.

The sole question involved in this case is whether, under Sections 47.29 and 47.30 of the Florida Statutes, F.S.A., a copy of the summons and complaint may be mailed by registered mail, to the Secretary of State of Florida, or whether such copy must be served upon him by an officer authorized to serve process.

Section 47.29 of the Florida Statutes, F. S.A., merely provides the circumstances under which the Secretary of State may be served. Section 47.30 provides in part as follows:

"47.30. Method of service upon non-resident.

"Service of such process shall be made by leaving a copy of the process with a fee of two dollars in the hands of the secretary of state, or in his office, and such service shall be sufficient service upon a defendant who has appointed the secretary of state as his agent for the service of such process; provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant, and the defendant's return receipt and the affidavit of the plaintiff, or his attorney, of compliance herewith are filed with the papers in the case on or before the return day of the process * * *."

These statutes provide for substituted service of process upon the Secretary of State as agent of a nonresident using or who has used the highways of the State of Florida.

All statutes involving substituted service of process are to be strictly construed and in construing these statutes I am of the opinion that "service of such process" as used in Section 47.30 means service by an officer authorized by law to service process and does not include mailing by the plaintiff, or his attorney, to the Secretary of State.

The Motion to Quash Purported Service of Process is granted.