## MIAMI NATIONAL BANK v. REALTY EQUITIES CORPORATION OF NEW YORK
No. 71-7922.

Circuit Court, Dade County.

June 9, 1971.

Dale A. Heckerling of Greenberg, Traurig, Hoffman & Lipoff, Miami, for plaintiff.

Milledge & Horn, Miami, for defendant.

FRANCIS X. KNUCK, Circuit Judge.

This cause came on to be heard upon the motion of the defendant, Realty Equities Corporation of New York, a New York corporation, to dismiss the complaint based upon insufficiency of service of process and lack of jurisdiction over the person of the defendant. The court will treat the motion to dismiss based upon insufficiency of service of process as a motion to quash service of process, and, because of the court's disposition of this motion, the court will defer ruling upon the motion to dismiss for lack of jurisdiction over the person of the defendant.

Jurisdiction over the person of the nonresident defendant is sought to be obtained in this case under the Florida "Long-Arm" Statute, §48.181, Florida Statutes. §48.161 provides the "Method of substituted service on [a] nonresident," which must be followed in order to serve a nonresident defendant. Up until 1967 when the Florida legislature revised and recompiled the entire Florida statutory code of civil procedure, the statutory method of service on a nonresident was contained in §47.30.

Prior to the amendment of this statute in 1959, §47.30 provided as follows —

"Service of such process shall be made *by leaving* a copy of the process with a fee of two dollars in the hands of the secretary of state, or in his office, * * *". (Italics added.)

This required service of process was, of course, in accordance with the general principle pertaining to service now contained in §48.021, i.e., to be personally accomplished by the sheriff or constable of Leon County or their deputies.

In 1959 the Florida legislature saw fit to amend §47.30 to permit mailing such process to the secretary of state by the plaintiff or his attorney. Chapter 59-382, House Bill No. 523, which was enacted into law, effective June 18, 1959, provided the following —

"Service of such process shall be made by the plaintiff or his attorney by either leaving a copy of the process with a fee of two dollars in the hands of the secretary of state, or in his office, *or by mailing a copy of such process with a fee of two dollars to the secretary of state* * * *". (Italics added.)

When the Florida legislature revised the statute in 1967, however, in reenacting it as §48.161 the language permitting service of the secretary of state by mail was deliberately deleted from the statute. §48.161 now provides as follows —

"(1) When authorized by law, substituted service of process on a nonresident or a person who conceals his whereabouts by serving a public officer designated by law shall be made *by leaving a copy of the process* with a fee of two dollars with the public officer or in his office." (Italics added.)

The intention of the Florida legislature to eliminate service by mail in the service of process on nonresidents is made even more explicit by §48.151, which permits service by mail upon a public officer in some instances, but expressly exempts, in §48.151(2), service of process on nonresidents.

The Florida courts have always required strict construction in connection with the requirements of substituted service statutes which are in derogation of the common law.

"Under the applicable rule compelling strict construction of, and substantial compliance with the statute for substituted service on non-residents, as such statute is in derogation of common law rights, the required substantial compliance leaves no room for dispensing with the directive provisions which are set out in the statute as the steps necessary to be taken to perfect service. State ex rel. Palmer v. Gray, 92 Fla. 1123, 111 So. 242; Cherry v. Heffernan, 132 Fla. 386, 182 So. 427; McGee v. McGee, 156 Fla. 346, 22 So.2d 788; Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870, 875; Napoleon B. Broward Drain, Dist. v. Certain Lands, etc., 160 Fla. 120, 33 So.2d 716; Gallant v. McKinney, D.C.S.D. Fla. 1952, 104 F. Supp. 277; 72 C.J.S. Process §43; 3 Fla. Jur., Automobiles, etc. §98; 25 Fla. Jur., Process, §23." Conway v. Spence, 119 So.2d 426, 427. (3rd D.C.A. 1960).

Accordingly, since the plaintiff, Miami National Bank, mailed the process in this cause to the secretary of state rather than having such process personally served on him or his office in accordance with the applicable law, it is ordered that the service of process upon the defendant, Realty Equities Corporation of New York, be and it is hereby quashed without prejudice to the plaintiff's right to properly re-serve said process. The court defers ruling on defendant's motion to dismiss based upon lack of jurisdiction over its person until such time as the defendant has been properly served in accordance with law.