837 So.2d 1117 (2003)
S.H., The Father, Appellant,
v.
The DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D02-2215.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
J. Steven Hudson, Deerfield Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, Fort Lauderdale, for appellee.
GROSS, J.
The father appeals a disposition order in a dependency case under Chapter 39, Florida Statutes (2001).
The Department of Children and Families (DCF) filed a petition for dependency regarding appellant's teenage daughter on February 15, 2002. An arraignment was scheduled for February 25 at 8:30 a.m. A summons for appellant was served on the mother at her home. The father was at the courthouse on the morning of February 25; he signed an attendance sheet outside the courtroom. However, appellant left the courthouse before the arraignment began. The trial judge ruled that appellant had been properly served by substituted service and entered a default judgment against him, finding the daughter to be dependent.
On March 28, 2002, appellant moved to set aside the default on the ground that personal service had not been effectuated. He argued that he had not resided with the mother for over one year and that DCF had not attempted any other service upon him.
The court held a hearing on appellant's motion on May 10, 2002. Appellant testified that he had been separated from his wife since February, 1999. He submitted an affidavit from his wife saying that he *1118 had not lived at her residence for the past year. Appellant admitted that he had been informed of the February 25 arraignment; he said he left the courthouse because the hearing started late and he had to keep another appointment.
The trial judge recognized that the case presented difficult issues, since appellant had notice of the hearing and chose not to attend. Finding that "[t]he child deserves an adjudication of this litigation quicker," the trial judge ruled that under the totality of the circumstances appellant's actions constituted "an evasion of process."
We are sympathetic to the considered ruling of the trial judge. However, to affirm it would be to rewrite Chapter 39 and the law regarding service of process.
Section 39.502(3), Florida Statutes (2001), requires the clerk to "issue a summons" upon the filing of a dependency petition. Section 39.502(5) mandates that the summons "be served" upon "all parties other than the petitioner." By this service requirement, Chapter 39 contemplates that service will usually be effectuated pursuant to Chapter 48, Florida Statutes (2001).
Section 39.502(2) provides that "[p]ersonal appearance of any person in a hearing before the court obviates the necessity of serving process on that person." That section is similar to the principle in civil cases that a defendant's general appearance in a lawsuit waives any objection to personal jurisdiction. That section does not apply in this case, because appellant did not appear "in a hearing before the court"; he appeared outside the courtroom, before the hearing. Even the "liberal construction" of the statute allowed under section 39.001(9), Florida Statues (2001) does not allow us to ignore the boldfaced prepositions in the preceding sentence.
There was no substituted service under section 48.031(1)(a), Florida Statutes (2001), because the mother's residence was not appellant's "usual place of abode" at the time of the service. See Gonzalez v. Totalbank, 472 So.2d 861, 863-64 (Fla. 3d DCA 1985) (invalidating substituted service where wife was separated from husband and no longer living at address where service was attempted). The phrase "usual place of abode" means "the place where the defendant is actually living at the time of service." Shurman v. Atl. Mortgage & Inv. Corp., 795 So.2d 952, 954 (Fla.2001).
Appellant's knowledge of the dependency proceeding is not enough to waive the section 39.502(5) requirement of service. Both this court and the supreme court have held that actual knowledge of a pending lawsuit will not excuse the failure of a plaintiff to comply with the strict mandates of the law regarding service of process:
The appellant argues that the purpose of service of process is notice and that the father, who was in contact with his son, had advised the appellant of the pendency of the suit. However, the appellant's actual knowledge of the attempted service cannot be used to justify the appellee's failure to strictly observe and substantially comply with service requirements.
Panter v. Werbel-Roth Sec., Inc., 406 So.2d 1267, 1268 (Fla. 4th DCA 1981); see also Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla.1984) ("The fact that the defendant received actual notice of this lawsuit does not render the [attempted] service of process valid"); Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Were Due, 160 Fla. 120, 33 So.2d 716, 718 (1948) ("The fact that the defendant had actual knowledge of the attempted service cannot be relied upon to justify the failure of the *1119 plaintiff to strictly observe and substantially comply with [the] statute....").[1]
Finally, this is not a case where service of process can be excused because appellant deliberately refused to accept delivery of service of process. See Wyatt v. Haese, 649 So.2d 905, 907 (Fla. 4th DCA 1995) (defendant did not intentionally fail or refuse service of process notices); Smith v. Leaman, 826 So.2d 1077, 1078-79 (Fla. 2d DCA 2002). Nor is this a case where appellant intentionally hid from a process server. See, e.g., Schupak v. Sutton Hill Assocs., 710 So.2d 707, 709 (Fla. 4th DCA 1998) (noting that evasion of service results when there is both a service of process to be attempted and the person to be served was actively attempting to frustrate or prevent the service of process); Liberman v. Commercial Nat'l Bank of Broward County, 256 So.2d 63, 64 (Fla. 4th DCA 1971) (defendant, after seeing process server, ran into house and closed door; process server then went up to door *1120 of residence and left copy of service of process in mailbox, process server then observed the defendant come out of the house and remove papers from mailbox). Other than the attempted substituted service at his wife's house, there was no other attempt at serving appellant, at his office or elsewhere.
The order of disposition with respect to the father is reversed.
STONE, J., and STERN, KENNETH D., Associate Judge, concur.
NOTES
[1] We recognize that in the situation where a defendant has actual knowledge of a lawsuit, other jurisdictions have adopted a more liberal view in deciding whether someone has been served at their "usual place of abode." However, neither the Florida Supreme Court nor Chapter 39 has adopted this more liberal view. See, e.g., Nowell v. Nowell, 384 F.2d 951, 953 (5th. Cir.1967) ("[The parallel federal rule] should be broadly construed where the defendant, as in this case, received notice of the suit.... [T]he provision concerning usual place of abode should be liberally construed to effectuate service if actual notice has been received by the defendant and that in the last analysis the question of service must be resolved by `what best serves to give notice to a defendant that he [or she] is being served with process, considering the situation from a practical standpoint.'") (citation omitted); Howard Johnson Int'l, Inc. v. Wang, 7 F.Supp.2d 336, 341 (S.D.N.Y.1998) ("That [the defendant] wilfully failed to defend this action weighs heavily against disturbing the judgment."); Hartford Fire Ins. Co. v. Perinovic, 152 F.R.D. 128, 131 n. 1 (N.D.Ill.1993) (applying a liberal interpretation of the federal rule regarding one's "usual place of abode."); Scott v. G.A.C. Fin. Corp., 107 Ariz. 304, 486 P.2d 786, 787-88 (1971) (defendant separated from his wife received actual notice of pending lawsuit after process server delivered summons at wife's house before default judgment was entered"It has been held that the provision concern[ing] usual place of abode shall be construed liberally to effectuate service if actual notice has been received by the defendant and that in the last analysis the question of service must be resolved by `what best serves to give notice to a defendant that he [or she] is being served with process, considering the situation from a practical standpoint'.... The defendant's unreasonable delay after receiving actual notice justifies the court in refusing to set aside the default judgment.") (citations omitted); Plushner v. Mills, 429 A.2d 444, 446 (R.I.1981) ("What does concern us is that actual notice was received by both defendant and his attorney shortly after the original service and that defendant was not prejudiced by this method of service."); Sheldon v. Fettig, 129 Wash.2d 601, 919 P.2d 1209, 1211-12 (1996) ("In interpreting substitute service of process statutes, strict construction was once the guiding principle of statutory construction. However, more recently, we have applied liberal construction to substitute service of process statutes in order to effectuate the purpose of the statute while adhering to its spirit and intent.... We also note many sister jurisdictions follow a rule of liberal construction in interpreting substitute service of process statutes when actual notice is received.") (citations omitted); Trammel v. Nat'l Bank of Ga., 159 Ga.App. 850, 285 S.E.2d 590 (1981); Larson v. Hendrickson, 394 N.W.2d 524, 526 (Minn.Ct.App.1986) ("When actual notice of the action has been received by the intended recipient, `the rules governing such service should be liberally construed.'") (citation omitted); Plonski v. Halloran, 36 Conn.Supp. 335, 420 A.2d 117, 118 (1980) ("In the case at bar, the fact that the defendant received actual notice of this action weighs heavily in favor of the plaintiff; the defendant cannot be heard to say that he was prejudiced in any manner whatsoever. As an exception to the general rule requiring strict construction of statutes in derogation of the common law, it has been held that provisions for substituted service should be liberally construed in those cases in which the defendant received actual notice.").