KHOUZAM, Judge.
Jason and Catherine McDaniel appeal the trial court’s order denying their motion to quash service of process. Because the requirements of section 48.031(6), Florida Statutes (2010), were not met in effectuating substitute service against the McDan-iels, we reverse the order denying the motion to quash.
To collect sums allegedly owing on a promissory note, FirstBank Puerto Rico (“FirstBank”) sued four defendants: two corporations and their two principals, the McDaniels. To accomplish service of process on all four defendants, FirstBank delivered on September 21, 2010, a copy of the summons and complaint to an employee at the private mailbox registered to the corporations. The McDaniels, in their individual capacities, filed a limited notice of appearance and motion to quash service of process against them on October 11, 2010. They argued that FirstBank’s use of substitute service via a private mailbox was *928 improper where public records disclosed that the McDaniels had a registered homestead address in Florida and no service was attempted at that address. The motion was denied and the McDaniels timely appealed.
In reviewing a trial court’s ruling on the sufficiency of substitute service under section 48.031(6), a de novo standard of review applies. Beckley v. Best Restorations, Inc., 13 So.3d 125, 126 (Fla. 4th DCA 2009). Section 48.031(6) provides in full:
If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.
Because of the fundamental constitutional implications of service of process, “statutes governing service of process are to be strictly construed and enforced.” Shurman v. Atlantic Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001). The burden to prove the validity of sendee of process is on the party seeking to invoke the court’s jurisdiction. Henzel v. Noel, 598 So.2d 220, 221 (Fla. 5th DCA 1992).
The McDaniels argue that the trial court erred in denying their motion to quash service of process because First-Bank failed to comply with the statutory requirements of section 48.031(6) in serving the individual defendants in this case. FirstBank does not contest that service was insufficient. Rather, it argues that the order denying the motion to quash should be affirmed because the McDaniels waived objections to personal jurisdiction by actively participating in the litigation and because they did not suffer prejudice as a result of the insufficient service.[1]
 Active participation in the proceedings in the trial court can constitute a submission to the court’s jurisdiction and a waiver of any objection to personal jurisdiction. Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005) (citing Bush v. Schiavo, 871 So.2d 1012, 1014 (Fla. 2d DCA 2004)). However, neither a notice of appearance nor a motion to quash insufficient service of process qualifies as active participation because neither addresses the merits of the case or requests affirmative relief inconsistent with a defense of lack of personal jurisdiction. See Oy v. Carnival Cruise Lines, Inc., 632 So.2d 724, 725-26 (Fla. 3d DCA 1994). Because the McDaniels’ only participation in the case in their individual capacities was the filing and arguing of these two documents, and the scope of each was explicitly limited to the issue of insufficient service, they have not waived the defense of lack of personal jurisdiction.
FirstBank argues alternatively that the order denying the motion to quash should be affirmed because the defective service of process did not prejudice the McDaniels. It argues essentially that because the McDaniels had actual knowledge of the suit due to their involvement in defending the actions against the corporate entities, any defect in service of process against the individual defendants should be treated as harmless error. We disagree.
*929 A number of Florida cases specifically hold that actual knowledge of a suit will not cure insufficient service of process. See, e.g., Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Due, 160 Fla. 120, 33 So.2d 716, 718 (1948). The determination of whether service of process is sufficient is limited to “whether the requisites of the controlling statute have been complied with and such compliance appears of record.” Id. Although Napoleon was decided before the enactment of section 48.031(6), subsequent cases have upheld the same rule in various circumstances. See, e.g., Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla.1986) (holding that actual knowledge of suit by nonresident corporate defendant does not render constructive service of process valid); S.H. v. Dep’t of Children & Families, 837 So.2d 1117, 1118 (Fla. 4th DCA 2003) (holding that actual knowledge of dependency proceeding does not waive requirement of proper service under section 39.502(5)); Panter v. Werbel-Roth Sec., Inc., 406 So.2d 1267, 1268 (Fla. 4th DCA 1981) (concluding that “actual knowledge of ... attempted service cannot be used to justify the appellee’s failure to strictly observe and substantially comply with service requirements”). Accordingly, First-Bank’s attempt at substitute service of process upon the McDaniels individually was insufficient and we must reverse the order denying the McDaniels’ motion to quash.
Reversed.
ALTENBERND and KELLY, JJ., Concur.

. FirstBank also asserts in its brief that affir-mance is proper because the McDaniels’ former attorney provided the private mailbox address for future correspondence before he withdrew. Because no support for this factual assertion could be found in the appellate record, we need not consider this argument.