DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**C.J.L-M.,** the Mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and
**GUARDIAN AD LITEM PROGRAM,**
Appellees.

No. 4D18-836

[June 6, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk C. Volker, Judge; L.T. Case No. 2017DP000769JM.

Antony P. Ryan, Regional Counsel, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Thomasina Moore and Rocco J. Carbone, III, Guardian ad Litem Program, Sanford, for appellee Guardian ad Litem Program.

No brief filed for appellee Department of Children and Families.

WARNER, J.

A mother appeals a final order for adjudication of dependency and order denying her motion to vacate that default order after she failed to appear at an arraignment hearing. She contends that the order was void because she was never served with the petition. We disagree, as she appeared at a shelter hearing, and thus, service of process was not required pursuant to section 39.502(2), Florida Statutes (2018). As she was advised of the arraignment date in the order emanating from the shelter hearing, as well as the consequences of her failure to appear, the court did not err in entering the final order of dependency.[1]

---

[1] Although the Department conceded error, the Guardian ad Litem did not. We do not accept the Department's concession of error.

In December 2017, the Department of Children and Families filed a verified shelter petition and notified the appellant mother, C.J.L-M., that her child was taken into custody. The court appointed counsel for the mother and conducted a shelter hearing, which the mother attended. The court found probable cause for removal. The shelter order and notice of hearing listed the date, time, and location of the arraignment hearing (January 10, 2018). It warned in bold, capitalized font, "**FAILURE TO APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THE CHILD AS A DEPENDENT CHILD** [.]"

The Department filed the dependency petition on January 9, 2018, the day before the scheduled arraignment hearing. At the arraignment hearing, the mother did not appear, but her attorney was present. He argued the court could not find the mother constructively consented to the dependency order because she was not personally served with the petition. The Department conceded the mother was not served with the petition, but it argued the court had personal jurisdiction over her because she signed for the arraignment date at the shelter hearing and was appointed counsel. The Department contended under section 39.502(2), Florida Statutes, appearance at any hearing before the Court obviates the need for personal service. The court agreed with the Department and entered the final order of dependency, finding the mother constructively consented to the dependency petition.

A week later, the mother moved to vacate the adjudication of dependency. She argued under Florida Rule of Juvenile Procedure 8.225 and section 39.502, Florida Statutes, the clerk was required to issue a summons upon the filing of the dependency petition and to give her at least seventy-two hours' notice of the arraignment hearing. The mother contended actual knowledge of the hearing did not obviate the need for service of the petition. At the hearing on the motion, the court again found that because the mother was given actual notice of the hearing, she constructively consented to the dependency order. The court denied the motion and the mother appeals.

The trial court correctly ruled that the mother's personal appearance at the shelter hearing obviated the need for service of process. Section 39.502(2), Florida Statutes, provides that, "Personal appearance of any person in a hearing before the court obviates the necessity of serving process on that person." This same provision is included in Florida Rule of Juvenile Procedure 8.225(a)(3)(C), which states, "Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person." Because the mother personally

2

appeared at the shelter hearing, no service was required. She also received and signed the notice of the date and time of the arraignment hearing, which included the admonishment that failure to appear at the hearing would result in an adjudication of dependency.

The mother argues that section 39.502(2) should not be construed as obviating the need for the service of the petition for dependency when the parent has personally appeared at the shelter hearing, a distinct proceeding prior to the petition for dependency being filed. Her interpretation is not supported by the statutory language. The only service of process required on the party is service of the dependency petition, and thus, that is the only service which could be obviated by section 39.502. Further, the shelter petition is prefatory to the filing of the dependency petition, and therefore, appearance at that hearing is part of the overall dependency process, even if they are distinct parts of the proceedings involving the child in question.[2] Florida Rule of Juvenile Procedure 8.305(c)(8) requires that a shelter order contain written findings that "the court notified the parents or legal custodians of the time, date, and location of the next *dependency hearing, and of the importance of their active participation in all subsequent proceedings and hearings* [.]" (emphasis added). The order issued in this case complied with that requirement. The mother even signed for the arraignment date, reflecting both her presence at the shelter hearing and her acknowledgment of the date and time of the arraignment hearing, as well as the consequences of failing to appear.

The mother's reliance on *N.L. v. Department of Children and Family Services*, 960 So. 2d 810 (Fla. 3d DCA 2007), and *S.H. v. Department of Children and Families*, 837 So. 2d 1117 (Fla. 4th DCA 2003), is misplaced. In both cases, the parent had *not* appeared at a hearing. Thus, section 39.502(2) did not create jurisdiction over the parent prior to the filing of the petition for dependency.[3] In *S.H.*, we specifically noted that section 39.502(2) could not apply because, while the parent was present at the courthouse on the day of the arraignment hearing and signed an

---

[2] We note that the same case number is on the shelter order as on the petition for dependency, thus showing that they are part of the same case.

[3] In *N.L.*, the mother appeared *after* the hearing had concluded and the shelter order was entered. 960 So. 2d at 811. In *S.H.*, the petition for dependency was filed and the father failed to appear at the arraignment hearing. 837 So. 2d at 1117. The facts in the opinion do not mention that a shelter hearing preceded the petition for dependency.

attendance sheet outside the courtroom, he left before the hearing began. 837 So. 2d at 1117-18.

To adopt the mother's position would require us to rewrite the applicable statutes and rules, something we have no authority to do. The trial court correctly ruled that the mother's presence at the shelter hearing obviated the need for service of process of the dependency petition. Her failure to attend the arraignment hearing, of which she had notice through the shelter order, constituted a constructive consent to the adjudication of dependency.

*Affirmed.*

TAYLOR and LEVINE, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***