IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NACHELLE MOSS,

        Appellant,

 v.

Case No. 5D17-3356

THE ESTATE OF CURT HUDSON, BY AND
THROUGH JENNIFER HUDSON, AS
PERSONAL REPRESENTATIVE AND
NATHANIEL MOSS,

        Appellees.

_____/

Opinion filed July 27, 2018

Non-Final Appeal from the Circuit Court
for Hernando County,
Donald E. Scaglione, Judge.

Gregory D. Jones and Carla M. Sabbagh, of
Rywant, Alvarez, Jones, Russo & Guyton,
P.A., Tampa, for Appellant.

Jason M. Melton, Christopher M.
Klemawesch, and Gina M. Girardot, Whittel
& Melton, LLC, St. Petersburg, for Appellee,
Estate of Curt Hudson, by and through
Jennifer Hudson, as Personal
Representative.

No Appearance for Other Appellee.

LAMBERT, J.

Nachelle Moss appeals the trial court's order denying her motion to quash service of process. Concluding that substituted service of process under section 48.171, Florida Statutes (2015), was not properly obtained, we reverse.

Appellee, Jennifer Hudson, as personal representative of the Estate of Curt Hudson, deceased, filed a wrongful death complaint against Moss for damages arising out of an automobile accident in which the vehicle Moss was driving struck the decedent, who was riding a bicycle. The complaint alleged, among other things, that Moss was a resident of Hernando County. After several unsuccessful attempts to personally serve Moss with the initial complaint, Hudson attempted to obtain substituted service of process pursuant to section 48.171 by serving Moss through the Secretary of State. This statute provides, in pertinent part:

> Any nonresident of this state . . . or any resident of this state, being the licensed operator or owner of . . . any motor vehicle under the laws of this state, who becomes a nonresident or conceals his or her whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his or her servants, agents, or employees . . . within the state constitutes the Secretary of State his or her agent for the service of process in any civil action begun in the courts of the state against such operator or owner . . . of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.

§ 48.171, Fla. Stat. (2015).

Moss, by counsel, moved to quash service of process, asserting that Hudson had not strictly complied with the requirements of section 48.171 and had also failed to comply with the separate procedural requirements of section 48.161, Florida Statutes (2015), for effectuating substituted service upon the Secretary of State. Following a hearing, the trial

court denied the motion, finding that Moss was "represented," "aware of the case," and "accountable herself of any due process." The court further found that Hudson had clearly demonstrated sufficient attempts to personally serve Moss with process.

A trial court's ruling on a motion to quash service of process is subject to a de novo standard of review. *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698 (Fla. 4th DCA 2010) (citing *Mecca Multimedia, Inc. v. Kurzbard*, 954 So. 2d 1179, 1181 (Fla. 3d DCA 2007)). Further, "[b]ecause substituted service of process statutes provide an exception to the general rule that a defendant must be personally served, they must be strictly construed to protect due process guarantees." *Alvarado v. Cisneros*, 919 So. 2d 585, 588-89 (Fla. 3d DCA 2006) (citing *Monaco v. Nealon*, 810 So. 2d 1084, 1085 (Fla. 4th DCA 2002); *McAlice v. Kirsch*, 368 So. 2d 401, 402 (Fla. 3d DCA 1979)).

The trial court first erred in denying Moss's motion to quash because she was "aware" of the case. Actual knowledge of a suit does not cure insufficient service of process. *McDaniel v. FirstBank P.R.*, 96 So. 3d 926, 929 (Fla. 2d DCA 2012) (citing *Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Due*, 33 So. 2d 716, 718 (Fla. 1948)). Moreover, counsel's appearance and the filing of a motion to quash insufficient service of process, without more, are not a waiver of the defense of lack of personal jurisdiction. *Id.* at 928 (citing *Oy v. Carnival Cruise Lines, Inc.*, 632 So. 2d 724, 725-26 (Fla. 3d DCA 1994)).

In *Hernandez*, the Fourth District Court succinctly explained the two requirements that a plaintiff must meet when using substituted service under section 48.171:

> First, the complaint must allege the ultimate facts bringing the defendant within the purview of the statute. This requires the plaintiff to allege in his complaint that the defendant was a non-resident, or a resident of Florida who subsequently

3

became a non-resident, or a resident of Florida concealing his whereabouts. Second, the service must strictly comply with section 48.161, which sets forth the method of substituted service of process.

32 So. 3d at 698 (internal citations and quotations omitted).

Here, Hudson's initial complaint was defective as it lacked any allegations that Moss was either a nonresident, a resident of Florida who subsequently became a nonresident, or a resident of Florida concealing her whereabouts. Under these circumstances, "[w]hen the complaint is devoid of the jurisdictional allegations required for substituted service, the defendant cannot be properly served under the substituted service statute." *Alvarado*, 919 So. 2d at 589 (citing *Great Am. Ins. Co. v. Bevis*, 652 So. 2d 382, 383 (Fla. 2d DCA 1995)). Because the jurisdictional allegations contained in Hudson's initial complaint were insufficient to invoke substituted service of process upon the Secretary of State, it is unnecessary for us to address whether the procedural requirements for service under section 48.161 were also met. As Moss was not personally served with process and for the reasons explained, substituted service of process upon her through the Secretary of State was defective. Thus, the trial court should have granted Moss's motion. We therefore reverse the order on appeal and remand for the entry of an order quashing service of process on Moss of the initial complaint, without prejudice to Hudson's further efforts to serve Moss with process.[1]

REVERSED and REMANDED.

---

[1] Our record indicates that the trial court has now granted Hudson leave to file an amended complaint, which she did. We take no position regarding the sufficiency of the allegations contained in the amended complaint under section 48.171 or whether substituted service of the amended complaint can be properly obtained. Those issues are not before us, nor have they been presented to the trial court for a ruling because the lower court stayed its proceedings pending resolution of this appeal.

4

SAWAYA and EISNAUGLE, JJ., concur.