IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

IN RE: TRUST OF ADEAN E. WINES

Case No.  5D22-1919
LT Case No. 2022-CA-000244-A

_____/

Opinion filed February 3, 2023

Nonfinal Appeal from the Circuit Court
for Marion County,
Gary L. Sanders, Judge.

Joseph T. Eagleton and Ceci C.
Berman, of Brannock, Humphries, &
Berman, Tampa, and Eugene A.
Wiechens, of Landt, Wiechens,
Lapeer & Ayres, LLP, Ocala, for
Laurie A. Williams.

Jonathan  S.  Dean,  of  Dean  and
Dean,  LLP,  Ocala,  for  Bobbye  L.
Wines, As Trustee Of The Adean E.
Wines Estate.

EDWARDS, J.

Without serving process on any interested person, Appellee, Bobbye Wines, successfully petitioned the trial court to appoint her as trustee of the Robert L. Wines and Adean E. Wines Family Revocable Trust (hereinafter "the Family Trust"). The order appointing Appellee as trustee was entered without any hearing. We agree with Appellant, Laurie Williams, that the trial court erred in initially entering the order of appointment and in subsequently denying Appellant's motion to set aside the order of appointment. We reverse the order of appointment and the order denying Appellant's motion to set aside and remand for further proceedings.

Background

Robert Wines and Adean Wines created, funded, and were co-trustees of the Family Trust. When Robert Wines passed away, Adean Wines became the sole trustee. She thereafter executed a First Amendment to the Family Trust so that on her death, the trust's assets would go to her son, Robert Wines, Jr., or to his trust, the Robert Wines, Jr., Trust, in which he was initially the sole trustee and sole beneficiary. The First Amendment provided that if Robert Wines, Jr., predeceased his mother, the Family Trust's assets were to be distributed equally to Adean's granddaughters, who were Robert Wines, Jr.'s daughters, Appellee and Mary Ann Wines.

In 2018, Adean Wines executed a Second Amendment to the Family Trust which called for the Family Trust's assets to be distributed, on Adean's death, only to the Robert Wines, Jr., Trust. The Second Amendment named the trustee or successor trustee of the Robert Wines, Jr., Trust as the beneficiary.[1] If that trust terminated before Adean's death, then all of the Family Trust's assets would be distributed directly to Appellant. If Appellant passed before the termination of the Robert Wines, Jr., Trust, then Mary Anne Wines would receive all of the Family Trust's assets. The final contingency of the Second Amendment provided that if the other contingencies occurred and Mary Anne Wines did not survive termination of the Robert Wines, Jr., Trust, all assets from the Family Trust would go to Appellee. Robert Wines, Jr., predeceased everybody else mentioned in this paragraph, with all the others surviving. Adean Wines continued as the only trustee of the Family Trust.

On February 9, 2022, Appellee filed a verified petition seeking to be appointed as trustee of the Family Trust. In her petition, Appellee alleged that Adean Wines was incapacitated and had not actually served as trustee of the Family Trust for several years, during which Robert Wines, Jr., had

---

[1] The parties acknowledge that it is unusual to name a trustee or successor trustee as the beneficiary. However, that matter is not before this Court at this time.

served as successor trustee until he passed away. The petition did not seek removal of Adean Wines as trustee, nor did it attach any evidence to support the allegation that Adean was incapacitated. No other parties were named, no summonses were issued, and there was no service of process on anybody, including Appellant. However, Appellee's attorney did send a copy of the petition, by regular first-class mail, to Appellant's attorney as a copy for his records with the suggestion that he not hesitate to contact Appellee's counsel with any questions. Nobody was served by certified or registered mail nor by any express delivery service.

On March 16, 2022, the trial court, without holding a hearing, entered an order granting the petition and appointing Appellee as trustee of the Family Trust. Neither the court nor Appellee served a copy of the order on Appellant or anybody other than Appellee's counsel.

Appellant learned that Appellee had been appointed trustee only when Appellee's counsel mailed Appellant's counsel a second pleading in which Appellee sought to have the Second Amendment to the Family Trust declared invalid, due to Adean's alleged incapacity at the time it was executed. If successful with the second petition, Appellee would have eliminated Appellant as a contingent beneficiary, the status Appellant enjoyed under the Second Amendment as she was: (1) the successor trustee

4

of the Robert Wines, Jr., Trust; (2) named by Robert Wines, Jr., as the sole beneficiary of that trust; and (3) named as the contingent 100% beneficiary of the Family Trust if she survived. Furthermore, Appellant was the personal representative of Robert Wines, Jr.'s probate estate.

Within weeks of learning of the entry of the order appointing Appellee as trustee of the Family Trust, Appellant filed and served a motion to set aside that order. She argued in her motion that the lack of service of process and lack of any noticed hearing leading up to the entry of the order of appointment rendered the order void since it was done without affording her due process of law, as she was clearly an interested and indispensable party given her apparent standing as a contingent beneficiary.[2]

The trial court denied her motion to set aside the order of appointment, finding that Appellant had actual notice and therefore could have objected to Appellee's appointment. Appellant timely appealed.

<u>Analysis</u>

Section 736.0201(1), Florida Statutes (2022), provides that "judicial proceedings concerning trusts shall be commenced by filing a complaint and shall be governed by the Florida Rules of Civil Procedure." Here, Appellee

---

[2] *See* § 736.0103(4), Fla. Stat. (2022) (defining beneficiary as "a person who has a present or future beneficial interest in a trust, vested or contingent").

5

filed a petition which, unlike a typical complaint, did not name any adverse parties. Florida Rule of Civil Procedure 1.070(a) states that "[u]pon commencement of the action, summons or other process authorized by law shall be issued forthwith by the clerk or judge," which shall be literally signed and sealed for delivery. Other provisions of rule 1.070 set forth details regarding service of process and filing proof that service was accomplished. Despite this requirement, Appellee neither obtained nor served a summons on anyone.

Section 731.201(23), Florida Statutes (2022), defines "interested person" as "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved."[3] In its order denying Appellant's motion to set aside the order of appointment, the trial court explicitly recognized that Appellant was indeed an interested party. Appellee has never contested Appellant's status as an interested party. "Generally, the only indispensable parties to a trust action . . . are the trustee, the settlor, and the beneficiaries." *Demircan v. Mikhaylov*, 306 So. 3d 142, 146 (Fla. 3d DCA 2020) (citing *Sylvester v. Sylvester*, 557 So. 2d 599, 600 (Fla. 4th DCA 1990) (noting trustee and contingent remainder beneficiaries can be

---

[3] That statutory section is part of the Florida Probate Code; however, it has been applied to trusts as well. *See Carvel v. Godley*, 939 So. 2d 204, 209 (Fla. 4th DCA 2006).

6

indispensable parties to trust litigation)). Moreover, given that Appellee is now attempting to have the Second Amendment declared invalid, which could oust Appellant as a beneficiary, Appellant's status as an indispensable party is even clearer. *See Crescenze v. Bothe*, 4 So. 3d 31, 32 (Fla. 2d DCA 2009) ("Florida has long followed the rule that the beneficiaries of a trust are indispensable parties to a suit having the termination of the beneficiaries' interest as its ultimate goal." (quoting *Fulmer v. N. Cent. Bank*, 386 So. 2d 856, 858 (Fla. 2d DCA 1980))). By definition, indispensable parties must be joined and served with process as provided by law. *Id.* at 33.

The trial court recognized that Appellant was entitled to be notified that Appellee had filed a petition seeking appointment as trustee. However, it erred in finding that Appellant's actual notice of the petition, having been served on her counsel, was sufficient notice. Florida law does not recognize actual knowledge of a suit as a substitute for proper service of process. *See Bedford Comput. Corp. v. Graphic Press, Inc.*, 484 So. 2d 1225, 1227 (Fla. 1986) (holding actual notice of lawsuit does not remedy invalid service of process); *Moss v. Est. of Hudson*, 252 So. 3d 785, 787 (Fla. 5th DCA 2018) ("Actual knowledge of a suit does not cure insufficient service of process." (citing *McDaniel v. FirstBank P.R.*, 96 So. 3d 926, 929 (Fla. 2d DCA 2012))); *Shepheard v. Deutsche Bank Tr. Co. Ams.*, 922 So. 2d 340, 345 (Fla. 5th

DCA 2006) ("The judgment is voidable if the irregular or defective service actually gives notice of the proceedings."); *see also Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Due*, 33 So. 2d 716, 718 (Fla. 1948).

Furthermore, the order appointing Appellee as trustee of the Family Trust was apparently entered without notice of or conducting a hearing. No explanation has been given for why that was done; however, that compounded the deprivation of due process already occasioned by the failure of Appellee to join and serve Appellant. While we offer no opinion on whether Appellee may ultimately be entitled to appointment as trustee if proper procedure is followed, we note that Appellee's and the trial court's bypassing of due process led to the entry of an order treating Adean as though she were dead, when she is very much alive; appointing a successor trustee without first removing the existing trustee, Adean; and doing so without any evidentiary support for the bald allegation in the petition that Adean was incapacitated.

We quash the order appointing Appellee as trustee of the Family Trust and reverse the order denying Appellant's motion to set aside that order of appointment. We remand for further proceedings in accordance with this opinion that shall be conducted with appropriate pleadings, joinder, service

8

of process, notice, and the opportunity for Appellant and all other indispensable parties to meaningfully and timely participate.

Appellant's motion for an award of appellate attorney's fees, which is based upon Florida Rules of Appellate Procedure 9.300(a) and 9.400(b), and section 736.1005, Florida Statutes (2022), is granted, and we remand that matter for the trial court to determine the amount of such reasonable fees.

ORDER QUASHED, REVERSED, AND REMANDED.

EVANDER and WALLIS, JJ., concur.